Watters *v.* DeMilio, Appellant.

Argued April 22, 1957.   Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*George M. D. Richards,* for appellant.

*C. L. Cushmore, Jr.,* with him *W. Joseph Engler,* for appellee.

OPINION BY MR. CHIEF JUSTICE JONES, September 30, 1957:

This appeal arises out of an action of assumpsit on a promissory note given by the defendant to the plaintiff's assignor. The case was tried to the court below without a jury. The court made extensive findings of fact and rendered a verdict for the plaintiff for the face amount of the note which, by its terms, was non-interest bearing. Exceptions by the defendant to the adjudication were dismissed and the judgment from which the defendant has appealed was entered on the verdict.

The note in suit was executed and delivered in the following circumstances. The defendant had made an offer by letter to the plaintiff, then the receiver under appointment by the Federal District Court of Anthracite Gas Co. and Mahanoy City Gas Co., and to the receiver's attorneys, for the purchase, on behalf of a corporation to be formed, of the assets and franchises of both companies. The offer was accepted by the receiver subject to the approval of the United States Court whose subsequent order of approval specifically made the sale subject to the approval of the Pennsylvania Public Utility Commission.

By an interchange of letters, the receiver and his two attorneys on the one part, and the defendant on the other, entered into an agreement whereby the receiver agreed to accept notes of the defendant or the corporation or corporations obtaining title to the properties administered by the receiver in amounts not exceeding a specified total sum. A note for that amount signed by the defendant and made payable to the receiver (which is the note presently in suit) was delivered by

letter from the defendant's attorney to one of the attorneys for the receiver upon the conditions recited therein. This letter of delivery was approved by a responding letter of the receiver's attorney. One of the conditions specified was that the offer by the defendant for the assets of the companies was to be without liability individually to the defendant. The defendant expressly engaged to deposit with the receiver collateral acceptable to the latter to the full amount of the purchase price as security for an undertaking, inter alia, to pay the full purchase price upon approval of the sale by the Public Utility Commission. While the note hereinabove referred to was originally given as a part of such collateral, it later became part payment of the purchase price and in the final settlement of the receiver's account in the United States District Court the note became the individual property of the receiver by virtue of the order of distribution to creditors of the companies entered by the United States Court.

The appellant bases his defense to the note principally on the Act of April 8, 1861, P. L. 259, as amended, 15 PS §571, which provides, inter alia, that purchasers of a "gas . . . company . . . under and by virtue of any process or decree of any court . . . of the United States . . . shall be and they are hereby constituted a body politic and corporate . . . with all the rights, powers, immunities, privileges, and franchises of the corporations [so purchased] . . . and with all the rights, powers, immunities, privileges, and franchises granted to or conferred by acts now existing upon corporations of a similar kind . . ." Thus, it is the appellant's contention that, inasmuch as he purchased the "gas companies", then in the federal court receivership, and, since the note in suit was executed and delivered first as collateral for, and later as part payment of, the

purchase price for the companies, the note, by virtue of the above quoted provisions of the Act of 1861 became a corporate obligation of the new companies when formed without individual liability on the part of the defendant. The court below rejected the contention as untenable.

The Act of 1861 also provides that, following the sale, there must be a duly advertised meeting of the purchasers and an organization of the new corporation effected "within thirty days after the conveyance thereof shall be delivered". It has been held that a failure to comply with this provision works a legal "wiping out" of the corporations involved: *Gillis v. P. S. C. of Pennsylvania,* 105 Pa. Superior Ct. 389, 396, 161 A. 563. While, apparently, such a meeting was held, the trial court found, and the finding is not disputed by appellant, that "The record is entirely devoid of any evidence that Gregory DeMilio [the defendant] transferred all of the assets of either [of the companies sold] to the newly formed corporations" which is also a prerequisite to the maintenance of the former corporate entity: cf. *Myersdale & Salisbury Street Railway Company v. Pennsylvania & Maryland Street Railway Company,* 219 Pa. 558, 567, 69 A. 92. The appellant, having thus failed to show the corporate reorganization required by the Act of 1861 to have been effectuated, may not invoke the provisions of the act as a shield against personal liability on a note which he signed in his individual capacity.

But, even assuming, arguendo, that the appellant complied sufficiently with the requirements of the Act of 1861 in all respects so as to constitute himself a body politic and corporate, it would still not follow that the note in suit had thereby been transmuted into a corporate obligation without liability to the individual maker. The note was signed simply "Gregory De-

Milio" without any indication that the signer was acting as a corporate body or as the agent for such an entity. Nor does the contention that the signature of the individual maker at once became the name of the fictional corporate body which he was temporarily to be by virtue of the Act of 1861, upon his purchase of the assets of the gas companies in receivership, resolve the question favorably to the appellant. Corporations necessarily act through agents and if one so acting is to escape personal liability for what he intends to be a corporate obligation, the limitation of his responsibility should be made to appear on the face of the instrument. Otherwise, "the individual signature imports a personal liability: Strauss v. Berman, 297 Pa. 432, 435.": *Flexlume Corp. v. Norris,* 98 Pa. Superior Ct. 530, 533-534.

The efficacy which the appellant seeks to ascribe to the corporate body contemplated by the Act of 1861 in appropriate circumstances would at most do no more than raise a latent ambiguity in his note with respect to the identity of the party intended to be liable therefor. In such circumstances the question of intention may be resolved by parol evidence: *Scull v. Scull,* 109 Pa. Superior Ct. 226, 228, 167 A. 496; 1 Williston on Contracts (Rev. Ed. 1936) §§299, 300, 302; Annotation, 20 A.L.R. 992. The matter of intention depends on a question of fact which is to be determined from all of the evidence surrounding the relevant transaction. Implicit in the trial court's adjudication in this case is the conclusion that, in the light of all the attendant circumstances, when the note in suit was signed, it was intended to be the individual liability of the maker and was accepted as such by the plaintiff's assignor. As the trial court pertinently observed, all of the documentary evidence throughout the entire series of transactions relating to the defendant's ac-

quisition and the reorganization of the two companies indicates that the appellant acted in the matter of giving the note in suit not as a body corporate but as an individual. Such is the conclusion which the court below reasonably drew from the evidence. While this conclusion is reviewable here, being one of ultimate fact (*Daniels v. Notor*, 389 Pa. 510, 133 A. 2d 520), the evidence and the reasonable inferences to be drawn therefrom support it.

The offer of purchase and the stipulation of the parties in the federal district court concerning it expressly envisioned the posting of a bond by the offeror "satisfactory to the receiver" as security for the purchase price in full. Nothing but the defendant's note, which ultimately became part payment of the purchase price, was ever tendered. The letter of the defendant's attorney transmitting the note to the receiver referred to it as "collateral for the purchase price" while the letter of the receiver's attorney accepting it identified it as "the promissory note of Mr. DeMilio". Both circumstances constitute supporting evidence that the note was given and accepted as the personal obligation of the signer. When settlement for the purchase was finally made the note was taken as part payment for the transfer of the assets and franchises of the companies to the appellant as an individual; and the bill of sale recited that the transfer was to "Gregory De-Milio, his executors, administrators and assigns". The record further indicates that following the transfer of the assets and franchises to DeMilio he held them and dealt with them as his individual properties. We fail to find any error in the judgment of the court below.

Judgment affirmed.