Yards of Pennsylvania, Inc. *v.* Thriftway Foods, Inc., Appellant.

118

Argued April 23, 1968. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Louis C. Bechtle,* with him *Wisler, Pearlstine, Talone & Gerber,* for appellant.

*Edward Fackenthal,* with him *Knox Henderson,* and *Henderson, Wetherill & O'Hey,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, May 21, 1968:

On March 19, 1962, the plaintiff, Yards of Pennsylvania, entered into a written lease with the S. & E. Markets, Inc., for certain premises belonging to the plaintiff and situate in Levittown. Prior to the signing of the lease, representatives of the plaintiff had spoken with representatives of Thriftway Foods, Inc., wholesale distributors of food and groceries, stating that Yards would not sign up with the intended lessees who were customers of Thriftway, unless Thriftway

would guarantee payment of the rent involved. On March 15, 1962, in anticipation of execution of the lease, Thriftway Foods, Inc., wrote Yards stating: "This letter is to certify that Thriftway Foods, Inc. will guarantee to you lease payments of $20,000 yearly for three (3) years on the premises occupied by the food market in your store in Levittown, Penna.

"All other provisions contained in the lease dated March 19, 1962, between yourselves and Sol and Edward Markus, tenants, we will guarantee for the first three years of this lease. . ."

When S. & E. failed to make required payments under the lease, Yards brought an action of assumpsit against Thriftway for the unpaid rental, asserting that, at the time the defendant wrote its letter of guarantee, it knew that Sol Markus and Edward were negotiating for the forthcoming lease for a corporation formed or to be formed, and of which they were the principal stockholders, known as S. & E. Markets, Inc. The lease was signed by Sol Markus and Edward Markus, as president and secretary, respectively, of the corporation.

The defendant insisted that it had guaranteed payments by Sol and Edward Markus as individuals and not as a corporation and, since Yards did not charge fraud, accident or mistake, the letter of guarantee had to be accepted literally, and was not subject to parol evidence in supposed explanation.

The trial court held that the letter of guarantee contained a latent ambiguity which could only be resolved by a jury, after presentation of the circumstances pertinent to the entire occurrence. In so holding, the court relied on *Watters v. DeMilio,* 390 Pa. 155, where this Court held that whether the signature "Gregory DeMilio", without more on a promissory note, encompassed his liability as an individual or as agent

for a corporate body was a question of fact to be determined as any other question of fact.

Thus the court below presented to the jury for determination the issue as to whether Thriftway intended by its letter to guarantee payments under the lease executed by S. & E. Markets, Inc., or whether it intended to guarantee only a lease executed by Sol and Edward Markus individually. The court's charge was a thorough one and wholly informative to the jury, which returned a verdict for the plaintiff in the amount of $18,000.

The defendant has appealed. After a review of the record, it seems to us that the jury was justified in finding that the defendant intended to act as surety for a corporate principal. There was evidence that officers of the defendant company saw the lease before they agreed to act as surety and scrutinized the pages that named the tenant to be S. & E. Markets, Inc.

Judgment affirmed.

Mr. Justice ROBERTS concurs in the result.

———

DISSENTING OPINION BY MR. CHIEF JUSTICE BELL:

Defendant guaranteed payment of the rent of premises occupied by plaintiff under a written lease with Sol Markus and Edward Markus, which contained no guarantee of the payment of rent under a lease made by S. & E. Markets, Inc., as tenants. There was no latent defect or ambiguity in the lease, or even in the letter sent by defendant to plaintiff on March 15, 1962 with reference thereto, and therefore parol evidence was inadmissible to explain and change the guarantee or the lease.

For these reasons, I dissent.

Mr. Justice COHEN joins in this dissenting opinion.