**RKO-Stanley Warner Theatres, Inc.
v. Jenofsky**

*Franklin H. Spitzer*, for plaintiff.
*Morton B. Wapner*, for defendants.

## STATEMENT OF THE ISSUES

HIRSH, J., April 5, 1974.—This is an action in equity brought by plaintiff-seller against the defendants-purchasers to compel specific performance of the terms, duties and obligations of an agreement of sale (agreement) for certain premises known as Kent Theatre. Plaintiff demands: (1) the payment to plaintiff of the sum of $22,500, and (2) the execution and delivery to plaintiff of defendants' obligation and purchase money mortgage in the principal sum of $45,000. The issue involved is whether the duties and obligations arising under the agreement are those of defendants or whether they inure solely to the corporation, Kent Enterprises, Inc. (Kent). The matter was placed on the equity trial list for the taking of testimony to assist in arriving at an adjudication.

## FINDINGS OF FACT

1. Plaintiff and defendants entered into a written agreement (agreement) to purchase certain premises known as Kent Theatre, on April 31, 1970. The agreement contained the following:

"It is understood by the parties hereto that it is the intention of the Purchasers to incorporate. Upon con-

dition that such incorporation be completed by closing, all agreements, covenants, and warranties contained herein shall be construed to have been made between Seller and the resultant corporation and all documents shall reflect same."

3. Settlement originally scheduled for September 30, 1970, at the request of defendants was continued twice, first to October 16, 1970, and secondly to October 21, 1970.

4. Articles of incorporation of Kent were filed by defendants on October 9, 1970.

5. No notice was given at any time to plaintiff of the filing of said articles of incorporation, or of the organization of Kent.

6. No notice was given to plaintiff that Kent had ratified the agreement, or accepted its obligations and was prepared to proceed thereon.

7. On October 5, 1970, plaintiff granted the request of defendants for a postponement of settlement with individual defendants to October 21, 1970.

8. Defendants, on receipt of plaintiff's letter of October 5, 1970, or thereafter, did not advise plaintiff of the formation of Kent or its readiness to accept the obligations under the agreement.

9. Plaintiff was ready, willing and able to make settlement on October 21, 1970.

10. Neither individual defendants nor the representative of Kent was present at the time of settlement on October 21, 1970.

11. No evidence was offered of any fraudulent representations by plaintiff to induce defendants to execute the agreement.

## DISCUSSION

It is a general rule that promoters are personally liable on contracts made by them for the benefit of a

corporation they intend to organize: 13 Am. Jur. Corporations, 252, et seq., Corporations, §113. If the contract had been on behalf of the corporation and the person with whom the contract had been made had agreed to look to the corporation alone for responsibility, the promoters would incur no personal liability: 13 Am. Jur. 253 Corporations §113. Although the agreement reveals defendant's intention to create a corporation to succeed to the rights and obligations of defendants, it is clear from a review of the entire record that: (1) the agreement was not executed on behalf of the corporation; and (2) plaintiff was looking solely, in the absence of a duly organized corporation, to defendants individually for compliance with the terms of the agreement.

In an attempt to prove that paragraph 19 had been complied with absolving defendants of personal liability, defendant, Jack Jenofsky, merely offers the articles of incorporation which were approved and filed on October 9, 1970. Alone, this act is not enough. A careful review of the record indicates the following: (1) defendants did not, upon filing the aforesaid articles, notify plaintiff; (2) defendants did not, upon receiving plaintiff's letter of October 5, 1970, or any other time, advise plaintiff of the formation of Kent, or the readiness of Kent to accept the obligations under the agreement; (3) defendants did nothing, other than file the aforesaid articles, to form or organize Kent; (4) Kent at no time accepted the agreement or any part of the agreement.

The matter of intention depends on a question of fact which is to be determined from all of the evidence surrounding the relevant transaction: Watters v. De-Milio, 390 Pa. 155 (1957). In light of the attendant circumstances as set forth above, we believe that the

parties to the agreement intended to hold defendants individually responsible until the formation and organization of a corporate entity ready, willing and able to assume the rights and responsibilities of the agreement. In order to absolve defendants of individual liability, this court believes that it is necessary for defendants to show the existence of a duly organized corporation which has ratified the agreement. As set forth above, this did not occur. Since defendants breached the agreement by not appearing at the time of settlement, they alone are liable.

## CONCLUSIONS OF LAW

1. Equity has jurisdiction.

2. Plaintiff is entitled to equity relief.

3. Defendants, as signatories to the agreement, are liable thereunder until a corporate entity is organized which is empowered and able to ratify the agreement and accept the obligations thereunder, and did accept said obligations.

4. No corporation was organized and empowered to accept the agreement's obligations.

5. No duly organized, empowered corporation accepted the agreement's obligations.

6. Plaintiff did not, by fraudulent misrepresentations, induce defendants to execute the agreement.

7. Plaintiff is entitled to

(a) The payment to plaintiff of the sum of $22,500 and such additional sums as may be found due to plaintiff; and,

(b) The execution and delivery to plaintiff of defendant's obligation and purchase money mortgage in the principal sum of $45,000 in accordance with the terms of the agreement of sale.

## DECREE NISI

And now, April 5, 1974, it is hereby ordered and decreed that:

1. The payment to plaintiff of the sum of $22,500 and such additional sums as may be found due to plaintiff; and

2. The execution and delivery to plaintiff of defendants' obligation and purchase money mortgage in the principal sum of $45,000 in accordance with the terms of the agreement of sale.