526 A.2d 446

**W.F. MEYERS COMPANY, INC.**

v.

**Elwood STODDARD, David E. Muffley, Jr., Pamela F. Muffley, and Frank Barnako, Appellants.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1986.

Decided May 21, 1987.

Michael P. Shay, Bethlehem, for appellants.

Ronold J. Karasek, Bangor, for appellee.

Before McEWEN,* DEL SOLE and TAMILIA, JJ.

TAMILIA, Judge:

Appellee/Meyers filed suit against Elwood Stoddard, David Muffley, Pamela Muffley and Frank Barnako to recover damages for an alleged breach of contract. The matter began as a jury trial but at the conclusion of testimony the trial judge ruled there were no issues of fact for the jury to decide and rendered a verdict holding appellants, David Muffley and Pamela Muffley, personally liable to appellee. A hearing on damages was held with the court issuing an Order assessing damages in the amount of $6,932.18. Post-trial motions were denied, judgment was entered January 31, 1986 and this appeal followed.

The facts as found by the court indicate that in 1972 the Albion Vein Slate Company, Inc. (hereinafter Albion) and David Stoddard and Sons, Inc. merged. Albion was the surviving corporation but it was decided that business would be conducted under the fictitious name of Stoddard Slate Company, Inc. The officers of Albion were directed to arrange for the filing of the fictitious name and to execute the necessary documents.

Frank Baranko, a director of Albion, requested Attorney Thomas Maloney to file the forms necessary to register the fictitious name. After requesting and receiving the necessary information from Mr. Baranko the attorney failed to complete and file the necessary forms.

Appellants, David Muffley and Pamela Muffley, were shareholders and directors of Albion involved in the daily operation of the corporation. Both parties, while doing business with appellee, Meyers, held themselves to be representatives of Stoddard Slate Companies, Inc. The practical

* McEWEN, J. recused himself and did not participate in the consideration or decision in this case.

effect of the actions of the Board of Albion was that the Albion name ceased to exist, and following that action, the corporation conducted its business under the name of Stoddard. All that was required to complete the revision was registration of the Stoddard name pursuant to the fictitious name statute.

Appellee/Meyers through its sales representative dealt primarily with the Muffleys and provided goods with a value of $6,932.18, for which no payment was made.

The court in its discussion notes that the appellants took "all steps necessary to effectuate the existence of this surviving corporation, Albion, which was to conduct business as Stoddard Slate Company, Inc. However, through no fault of the Defendants, the Stoddard Slate Company, Inc. never materialized on public records." (Decision and Verdict, 3/26/85, p. 5) This was a finding that merger had been accomplished pursuant to Pennsylvania law on Corporations, 15 P.S. §§ 801–805. The court then stated the issue as "whether the fact that the name Stoddard Slate Company, Inc. was not properly registered would cause the individual Defendants to be personally liable for debts incurred in that name." (Decision and Verdict, 3/26/85, p. 5)

In holding appellants personally liable the court rejected the argument that they should be protected by the corporate veil, because they never represented to appellees that the corporation involved was Albion. The court found that when the debts at issue were incurred the Muffleys were under the mistaken belief that they had the legal right to use the name of Stoddard Slate Company, Inc. in representing Albion. Terming this a unilateral mistake the court held such a mistake incapable of affording a basis for relief.

In its conclusions of law the court stated:

1. ...

2. Corporations necessarily act through agents and if one so acting is to escape personal liability for what it intends to be a corporate obligation, the limitation of his responsibility should be made to appear on the face of the instrument. *Walters v. Demillo, [DeMilio ]*, 390 Pa. 155, 134 A.2d 671 (1957).

3. A unilateral mistake affords no basis for relief. *Commonwealth Dept. of General Services v. Collingdale Millwork,* 71 Pa.Cmwlth. 286, 454 A.2d 1176 (1983).

Liability was thus imposed on the Muffleys. (There was no liability imposed on the other defendants.)

■ On appeal, the Muffleys argue that they should not be held personally liable for debts incurred by the corporation under a fictitious name solely because that fictitious name is not properly registered. We agree and reverse the finding of the lower court.

The fictitious corporate name statute in effect at the time of the dispute [1] stated in pertinent part:

### § 55. Registration

No corporation alone, or in combination with any other entity, shall hereafter conduct any business in this Commonwealth under any fictitious name unless such corporation shall have first registered the fictitious name by filing in the office of the Secretary of the Commonwealth, and in the office of the prothonotary of the county wherein the registered office of such corporation is located, an application on a form supplied or approved by the Secretary of the Commonwealth, containing the following information:

(1) The fictitious name under which the business is being or will be carried on or conducted.

(2) A brief statement concerning the character or nature of the business to be conducted under the fictitious name.

(3) The corporate name, state and date of incorporation and location, including number and street, if any, of the principal place of business and the registered office in this Commonwealth of the registrant.

(4) The name and residence including number and street of any other entity in combination with which the

1. 15 P.S. § 51–74, repealed 1982 Dec. 16 P.L. 1309, No. 295 § 8 effective in 90 days. The current applicable statute is 54 Pa.C.S.A. §§ 301–332.

registering corporation seek to conduct the business under the fictitious name.

## § 63. Contracts entered into by unregistered corporation using fictitious name

The failure of any corporation to file an application in the office of the Secretary of the Commonwealth or in the office of the prothonotary, when required to do so under the provisions of this act, shall not impair or affect the validity of any contract which such corporation shall be a party to. Actions at law or in equity may be instituted and maintained on any such contract, but no action shall be instituted or recovery had in any court of this Commonwealth or before any justice of the peace or magistrate when such contract shall arise out of a transaction with respect to which such corporation used such fictitious name on behalf of any such corporation on any contract, be it either expressed or implied, until the corporation complies with the provisions of this act. Before any corporation may institute any action in any court of this Commonwealth, or before any justice of the peace or magistrate, on any cause of action arising out of any transaction in respect to which such corporation used a fictitious name prior to the date of the registration of such fictitious name, the corporation shall pay to the Secretary of the Commonwealth, for the use of the Commonwealth, a civil penalty of three hundred dollars ($300). This section shall not apply to any action or adjudication pending prior to the effective date of this act.

■ A review of these sections reveals that the failure to register the fictitious name does not impair or affect the validity of any contract to which the corporation is a party. It simply precludes instituting an action or gaining recovery by the noncomplying party until the requirements for registration are met. In addition, a specific penalty is imposed calling for a $300 fine prior to any suit being instituted by a corporation which failed to file a fictitious name.

The lower court attempts to deal with the factual situation without regard to the existence of the statute, finding that failure to file a fictitious name removed the insulation

from personal liability which normally attaches to employees, shareholders and directors. We find no basis for such a holding. The *Walters* case cited by the court for the proposition that one seeking to avoid personal liability for what is intended to be a corporate obligation should be made to appear on the face of the instrument is not applicable to the present case. In *Walters* a note was signed by an individual "without any indication that the signer was acting as a corporate body or as the agent for such an entity." *Walters, supra,* 390 Pa. at 159, 134 A.2d at 674. Clearly that was not the case here where all parties to the transactions considered them to be between corporations rather than individuals.

 Likewise the unilateral mistake rationale set forth by the court is not applicable here. *Collingdale, supra,* holds that a unilateral mistake in the formation of a contract may bar the mistaken party from relief, thus preserving the benefit of the bargain for the nonmistaken party. The case does not hold that the nonmistaken party can acquire a right not otherwise available.

 If any mistake existed it was a mutual mistake wherein both parties believed the proper name of the corporation was Stoddard Slate Company, Inc. The failure of Albion to properly register this name did not affect the existence of the corporation, which at all times continued to operate. Appellees were always dealing with Albion, doing business as Stoddard Slate Co. Inc., regardless of whether they knew this fact. There is no attempt by appellees to show they were purposely deceived as to the name of the corporation with which they were dealing. Their entire argument is they were not dealing with a corporation because of the failure to file a fictitious name.

The applicable statute as stated previously declares that failure to register the fictitious name does not affect the validity of any contract entered into by the corporation. Nowhere does it alter the general law as it relates to the liability of officers and agents of corporations. Under Pennsylvania law one knowingly entering into a contract with a corporation cannot enforce individual liability against

officers or agents acting for the corporation. *Bala Corporation v. McGlinn*, 295 Pa. 74, 144 A. 823 (1929); *McKenna v. Art Pearl Works, Inc.*, 225 Pa.Super. 362, 310 A.2d 677 (1973); *Wicks v. Milzoco Builders, Inc.*, 503 Pa. 614, 470 A.2d 86 (1983). *See also* 15 P.S. § 1609 as to shareholder liability.

■ This is not a situation where individuals held themselves out as representing a corporation which did not exist. The corporation did exist but the individuals referred to the corporation by a name which was not registered.[2] Absent a showing of fraud on the part of appellants in this representation and relying on the applicable statute, we must find that the rights and liabilities of the parties are the same as if the name was registered. Applying the law as it relates to individual liability for corporate debts we find the judgment for appellees cannot stand. As a matter of law appellants cannot be held liable for the corporate debts.

Judgment reversed. Jurisdiction relinquished.

2. We note that registering at this time under the name of Stoddard Slate Company, Inc. would be impermissible as 54 Pa.C.S.A. § 311(b)(2) (the successor to 15 P.S. § 51–74 at the time of merger) provides that a fictitious name registration may not use the designation "incorporated". Stoddard Slate may register as a company. Such registration would not alter the liabilities of the officers and director of the parent corporation. *See* 54 Pa.C.S.A. § 311(b)(2).