**Cardona v. Buchanan**

*Brett J. Riegel,* for plaintiff.
*Anne L. Kulesa,* for plaintiff .
*Marshall E. Anders,* for defendant.
*Edward J. McKarski,* for defendant.

SIBUM, *J.,* April 21, 2010—This matter comes before the court on defendant Cecil J. Buchanan's preliminary objections to plaintiff's complaint. Plaintiff commenced this action against defendants seeking damages for injuries she sustained when she slipped and fell on black ice in her employer's parking lot. Plaintiff claims that the premises were plowed but not treated.

Defendant, Cecil J. Buchanan filed preliminary objections raising a demurrer for failing to set forth a cause of action against defendant. Buchanan filed a brief in support of preliminary objections, plaintiff did not. Both parties argued their respective positions before the court on April 5, 2010, and this matter is now ripe for disposition.

## DISCUSSION

Pursuant to Pennsylvania Rule of Civil Procedure 1028(a), preliminary objections may be filed by any party to any pleading on several grounds, including legal insufficiency of a pleading (demurrer). Pa.R.C.P. 1028(a)(4). In considering preliminary objections, "all well-pleaded allegations and material facts averred in the complaint, as well as all reasonable inferences deducible therefrom, must be accepted as true." *Wurth by Wurth v. City of Philadelphia,* 136 Pa. Commw. 692, 638, 584 A.2d 403, 407 (1990). The "court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Penn Title Insurance Co. v. Deshler,* 661 A.2d 481, 483 (Pa. Commw. 1995).

The plaintiff must state the material facts of a complaint "in a concise and summary form." Pa.R.C.P. 1019(a). The allegations "must apprise the defendant of the claim being asserted and summarize the essential facts to support that claim." *Estate of Swift v. Northeastern Hospital of Philadelphia,* 456 Pa. Super. 330, 337, 690 A.2d 719, 723 (1997) *appeal denied,* 549 Pa. 716, 701 A.2d 577 (1997). The "lower court has broad discretion in determining the amount of detail that must be averred since the standard of pleading set forth in Rule 1019(a) is incapable of precise measurement." *United Refrigerator Co. v. Appelbaum,* 410 Pa. 210, 213, 189 A.2d 253, 255 (1963).

Buchanan asks this court to dismiss plaintiff's complaint against him based on the preliminary objection for

insufficiency in a pleading (demurrer). The purpose of a demurrer is to test the legal sufficiency of a complaint or other pleading. In determining whether the factual averments of a complaint are sufficient to state a cause of action, all doubts must be resolved in favor of the sufficiency of the complaint. *Slaybaugh v. Newman,* 330, Pa. Super. 216, 220, 479 A.2d 517, 519 (1984). A demurrer will be sustained only where the complaint demonstrates with certainty that under the facts averred within, the law will not permit a recovery. *Id.*; see also, *Cianfrani v. Commonwealth, State Employees' Retirement Board,* 505 Pa. 294, 297, 479 A.2d 468, 469 (1984). If any theory of law will support the claim raised by the complaint, dismissal is improper. *Slaybaugh, supra; Cianfrani, supra.*

The relevant facts of this case as alleged by plaintiff are as follows. Prior to the alleged incident, plaintiff worked as an employee of Fed Ex as a dockworker. (Complaint, ¶6.) On December 19, 2005, plaintiff allegedly slipped and fell on black ice in the parking lot of the property located in Coolbaugh Township and the Borough of Mount Pocono. (Complaint, ¶5.) The fall occurred as plaintiff was leaving work and walking to her car. (Complaint ¶8.) Plaintiff avers the parking lot was plowed but not treated. (Complaint, ¶9.) Plaintiff states in her complaint that at "all material times, the premises were under the exclusive control, management and maintenance of one or more of the defendants" or their agents. (Complaint ¶11.) Plaintiff contends that defendants were negligent in failing to properly maintain the parking lot, thus resulting in her injuries. (Complaint ¶12.)

Plaintiff allegedly sustained injuries to her right knee, including a torn ACL and bruising. (Complaint, ¶13.) She further alleges that as a result of defendants' negligence, plaintiff has and may continue to expend various sums of money for medicines and medical treatment as well as suffered lost wages and loss of earning capacity. (Complaint, ¶¶17-19.) Plaintiff has further undergone physical pain and mental anguish and her injuries are expected to restrict her recreational, parental and work related activities for the rest of her life. (Complaint, ¶21.)

Defendant Buchanan argues that he was not the owner of the real property on December 19, 2005 at the time of the alleged incident and therefore owes no duty to the plaintiff. (Defendant's preliminary objections, ¶3.) Buchanan further avers that The Dominion Group Inc., an entity not named as a defendant in this suit, owned the property at the time in question. As such, Buchanan contends that plaintiff cannot sustain a cause of action against him for her injuries. We agree.

Pursuant to Pennsylvania Rule of Civil Procedure 1019(a) "[t]he material facts on which a cause of action or defense is based shall be stated in a concise and summary form." Pa.R.C.P. 1019(a). "As a minimum, a pleader must set forth concisely the facts upon which [a] cause of action is based. Such a requirement is reasonable because, where the complaint lacks facts which are crucial to recovery, it would be unjust to require the defendant to undergo the expense of a trial." *Line Lexington Lumber & Millwork Co. Inc. v. Pennsylvania Publishing Corp.,* 451 Pa. 154, 162, 301 A.2d 684, 688 (1973).

Furthermore, in the context of a negligence action, it is essential that the plaintiff establish the duty owed by the defendant, the breach of which may give rise to injuries alleged to be suffered by the plaintiff. *Pike County Hotels Corp. v. Kiefer,* 262 Pa. Super. 126, 134, 396 A.2d 677, 681 (1978).

It has long been recognized in this Commonwealth that a shareholder or officer of a corporation is not liable for the negligent acts of the corporation. *McKenna v. Art Pearl Works Inc.,* 225 Pa. Super. 362, 310 A.2d 677 (1973). In that case, the Pennsylvania Superior Court stated:

"Under the law, there is no authority to look through the corporate Appellee to the individual Appellee. We have said that the equitable doctrine of piercing the corporate veil [should be employed] to prevent the perpetration of wrong; to prevent its use as a shield for illegal and wrongful conduct; or where its use, as a technical device, brings about injustice or an inequitable situation so that justice and public policy demand it be ignored. However, we have not done so where the rights of innocent parties are involved and the corporation is used for legal purposes, as otherwise the entire theory of the corporate entity would be made useless." *Id.,* at 366, 310 A.2d at 679-80.

The mere fact that stock is closely held or even held by one stockholder should not, in itself, alter the proposition that a corporation is a separate and distinct entity from that of its shareholder. *Homestead Borough v. Defense Plant Corp.,* 356 Pa. 500, 52 A.2d 581 (1947).

Applying the above reference legal principles to this matter, the court finds that plaintiff is unable to state a

cause of action against Buchanan for which relief may be granted. In this case, paragraph 2 of the complaint alleges as follows:

"2. Defendant, Cecil J. Buchanan, is an adult individual who is believed to reside at 9 Manor Drive in East Stroudsburg, Monroe County, Pennsylvania."

Paragraph 11 alleges:

"11. At all material times, the premises were under the exclusive control, management and maintenance of one or more of the defendants, their agents, servants, workmen, or employees, then and there engaged in defendants' business and acting within the course and scope of their employment or authority."

The complaint does not allege that Buchanan was the owner of the property, how it was under his exclusive control, what duty Buchanan owed to plaintiff, or why Buchanan was named as a defendant. Furthermore, a deed recorded in the Monroe County Recorder of Deeds Office demonstrates that at the time plaintiff fell and was injured, the property was owned by the Dominion Group Inc., a corporate entity not named as a defendant. (Monroe County Recorder of Deeds, Book 2304, Page 5068.) Therefore, defendant was not the owner of said property at the time of the alleged incident and plaintiff has failed to aver any material facts upon which to predicate any duty extending from Buchanan to plaintiff.

Moreover, plaintiff has failed to demonstrate or even allege how Buchanan could be liable for the negligence of the corporate owner of the property. Although defendant may have been the sole stock holder of The Dominion Group Inc. as provided on the Realty Transfer Tax

Statement of Value incorporated in the deed,[1] plaintiff has not averred such facts or made an argument to substantiate that position. Defendant Buchanan's preliminary objection will be sustained.

Accordingly, we enter the following order.

### ORDER

And now, April 21, 2010, upon consideration of defendant's preliminary objections to plaintiff's complaint, defendant's demurrer is sustained. The plaintiff's complaint as to defendant Cecil J. Buchanan is dismissed without prejudice. Plaintiff is granted 20 days leave to file an amended complaint.

---

1. Monroe County Record of Deeds, book 2304, page 5070.