**MOSES A. WALKER and ENEMA WALKER, Plaintiffs**

**v.**

**SKYCLIMBER, INC. and HESS OIL VIRGIN ISLANDS CORP., Defendants**

Civil No. 1981/290

**FRANCIS E. CHARLES and THERESA CHARLES, Plaintiffs**

**v.**

**SKYCLIMBER, INC. and HESS OIL VIRGIN ISLANDS CORP., Defendants**

Civil No. 1981/291

District Court of the Virgin Islands

Div. of St. Croix

September 29, 1983

Mark L. Milligan, Esq., Christiansted, St. Croix, V.I., *for plaintiffs*

Richard D. Keeling, Esq., Christiansted, St. Croix, V.I., *for defendant Skyclimber, Inc.*

Britain H. Bryant, Esq., Christiansted, St. Croix, V.I., *for defendant HOVIC*

O'BRIEN, *Judge*

## MEMORANDUM OPINION AND ORDER

This action for personal injuries and damages is before this Court on Motion of defendant Hess Oil Virgin Islands Corp. ("HOVIC") for Partial Judgment on the Pleadings or, In the Alternative for Partial Summary Judgment. The sole issue sub judice is whether HOVIC is a seller of a chattel in this instance; and may thus be held on a strict liability theory under Restatement (Second) of Torts § 402A (1977). The Court finds that HOVIC is not a seller in the context of this action. Accordingly, HOVIC's Motion for Partial Summary Judgment will be granted.

## I. FACTS

This case arises out of a May 22, 1981, accident at the HOVIC oil refinery on St. Croix, USVI. Plaintiffs Frances Charles and Moses Walker ("plaintiffs") were injured when they fell from a scaffolding device while working at the HOVIC tank farm. At the time of the accident, plaintiffs were employed by Litwin Panamerican Corpora-

tion St. Croix ("Litwin"), the major independent contractor working at the HOVIC refinery.

Plaintiffs were engaged in sandblasting and painting a large oil storage tank. In order to reach all portions of the tank, plaintiffs were using a motorized two point suspension device, which allowed plaintiffs to ascend and descend the tank. The unit consisted of two motorized hoists ("skyclimbers") with scaffolding platforms suspended between them. The skyclimber units themselves were hung from steel cables which in turn were secured at the top of the storage tank.

Plaintiffs were in the process of lowering the scaffolding when one of the skyclimber units stalled. Plaintiff Walker changed the lever on the hoist to the position to raise the scaffolding, then changed the lever back to the descend position. At that moment, the steel cable attached to the stalled skyclimber snapped, sending the plaintiffs falling to the ground approximately forty to fifty feet below.

Plaintiffs subsequently filed this action seeking damages for personal injuries allegedly sustained in the accident. Plaintiffs' claim against both HOVIC and Skyclimber, Inc. ("Skyclimber"), the manufacturer of the hoist, sounds in negligence as well as strict liability. Regarding the latter cause of action, plaintiffs allege that the accident was caused by a defect in the skyclimber hoist.

The history of this allegedly defective skyclimber is pertinent to the issue presently before the Court. In 1974, HOVIC purchased the unit from Skyclimber, and shortly thereafter transferred the unit to Litwin. Plaintiffs contend that HOVIC regularly supplies contractors with such equipment as part of its overall refinery operation. Thus, plaintiffs argue, HOVIC is a seller of such hoists and may be held strictly liable for any defects therein pursuant to Restatement (Second) of Torts § 402A.[1]

HOVIC disagrees, asserting that the transfer of the skyclimber to Litwin was but an isolated occurrence. Consequently, HOVIC argues, it is not a "seller engaged in the business" of selling hoists, but fits within the "occasional seller" exception to the strict liability precept of § 402A.

## II. DISCUSSION

The appropriate starting point in analyzing HOVIC's status in this matter is an examination of the requirements for recovery in a

---

[1] All parties agree that, at the time of the pertinent accident, the hoist which allegedly malfunctioned was owned by Litwin.

products liability action as set forth in § 402A, which is the controlling law in this territory. 1 V.I.C. § 4.

Section 402A states:

> Special Liability of Seller of Product for Physical Harm to User or Consumer
>
> 1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if
>
> a) the seller is engaged in the business of selling such a product, and
>
> b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.
>
> 2) The rule stated in Subsection (1) applies although
>
> a) the seller has exercised all possible care in the preparation and sale of his product and
>
> b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.

Restatement (Second) of Torts § 402A (1977).

■ It is axiomatic that one basic requirement for application of the rule is that the defendant must be engaged in the business of selling the chattel. Streatch v. Associated Container Transp., Ltd., 388 F.Supp. 935 (C.D. Ca. 1975); Zimmerman v. Moore, 441 N.E.2d 690 (Ind. App. 1982) reh'g denied (1982); Francioni v. Gibsonia Truck Corp., 372 A.2d 736 (Pa. 1977); see Bruce v. Martin-Marietta Corp., 544 F.2d 442 (10th Cir. 1976). The reason for this requirement is stated in Comment f to § 402A:

> Business of selling. The rule stated in this Section applies to any person engaged in the business of selling products for use or consumption. It therefore applies to any manufacturer of such a product, to any wholesale or retail dealer or distributor, and to the operator of a restaurant. It is not necessary that the seller be engaged solely in the business of selling such products. Thus the rule applies to the owner of a motion picture theatre who sells popcorn or ice cream, either for consumption on the premises or in packages to be taken home.
>
> *       *       *
>
> The basis for the rule is the ancient one of the special responsibility for the safety of the public undertaken by one who enters into the business of supplying human beings with

296

products which may endanger the safety of their persons and property, and the forced reliance upon that undertaking on the part of those who purchase such goods. This basis is lacking in the case of the ordinary individual who makes the isolated sale, and he is not liable to a third person, or even to his buyer, in the absence of his negligence. An analogy may be found in the provision of the Uniform Sales Act, § 15, which limits the implied warranty of merchantable quality to sellers who deal in such goods; and in the similar limitation of the Uniform Commercial Code, § 2—314, to a seller who is a merchant.

■ The plain meaning of Comment f is that § 402A strict liability theory is a theory not suited for application to the occasional seller. See Royal Business Machines, Inc. v. Lorraine Corp., 633 F.2d 34 (7th Cir. 1980); Richards v. Georg Boat and Motors, Inc., 384 N.E.2d 1084 (Ind. App. 1979); Abdul-Warith v. Arthur G. McKee and Co., 488 F.Supp. 306 (E.D. Pa. 1980) aff'd, 642 F.2d 440 (3d Cir. 1981). For example, in Balido v. Improved Machinery, Inc., 105 Cal. Rptr. 890 (1970), Papermate Manufacturing Company bought a press from Improved Machinery, the manufacturer, and five years later sold it to Balido's employer. Balido was injured while working with the machine and attempted to go against Papermate on a § 402A theory. The Court rejected her claim finding:

[T]here was nothing to suggest that Papermate was a conduit for the production or distribution of Improved's presses. Papermate was no more than a one time occasional seller who does not become subject to strict liability for manufacturing or design defects.

Id. at 895; see generally 99 A.L.R.3d 651 (1980).

In determining whether HOVIC is "engaged in the business of selling" hoists, this Court must look not to the volume of HOVIC's sales, but to whether they "carried on an established and well-recognized kind of business which has been a regularly maintained activity on its part." Abdul-Warith, supra 488 F.Supp. at 311 (quoting Stewart v. Uniroyal, Inc., 72 Pa. D. & C.2d 179, 202 (1974), aff'd, 339 A.2d 815 (1975).

In support of its motion, HOVIC submitted an affidavit of its comptroller who states that HOVIC is only engaged in "refining crude oil into petroleum products" and that HOVIC "is not in the business of selling, distributing, advertising, or maintaining any sales agency for hoists of any type, specifically . . . those made by

Sky Climber, Inc." Affidavit in Support of HOVIC's Motion; filed May 26, 1983. Plaintiffs counter asserting that the agreement between Litwin and HOVIC required HOVIC to supply "scaffolding" to Litwin. Litwin-HOVIC Agreement, p. 5; filed March 28, 1983. As earlier stated, plaintiffs responded generally that HOVIC purchased and resold construction equipment regularly as a part of its general refining operation. However, no proof was offered to buttress this bare boned allegation.

■■ The Court's posture in a summary judgment motion is to "resolve any doubt as to the existance of a genuine issue of fact against the moving parties." Ness v. Marshall, 660 F.2d 517, 519 (3d Cir. 1981) (quoting Tomalewski v. State Farm Insurance, Co., 494 F.2d 882, 884 (3d Cir. 1974). The movant further, has the burden of demonstrating there is "no genuine issue of any material fact," see Adickes v. S. H. Kress & Co., 398 U.S. 114 (1970); Scooper Dooper, Inc. v. Kraftco, Inc., 494 F.2d 840 (3d Cir. 1974); and that he is entitled to judgment as a matter of law. Scott v. Plante, 532 F.2d 939 (3d Cir. 1976); Kress, Dunlap & Lane, Ltd. v. Downing, 286 F.2d 212 (3d Cir. 1960). Plaintiffs difficulty lies in the adequacy of their response to defendant's motion.

■ A party resisting a motion for summary judgment may not simply rely on the allegations in his pleadings, but must set forth specific facts which show that a genuine issue for trial exists. Peterson v. United States, 694 F.2d 943, (3d Cir. 1982); see generally Fireman's Insurance Co. of Newark, New Jersey v. DuFresne, 676 F.2d 965 (3d Cir. 1982).

Rule 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Fed. R. Civ. P. 56 (e); Harold Friedman, Inc. v. Kroger, Co., 581 F.2d 1068 (3d Cir. 1978); Tripoli Co. v. Wella Corp., 425 F.2d 932 (3d Cir. 1970) cert. denied, 400 U.S. 831 (1970). Thus, a party submitting no support of its opposition to such a motion is vulnerable to summary judgment. See Tilden Financial Corp. v. Palo Tire Service, Inc., 596 F.2d 604 (3d Cir. 1979); Turrell v. Wiley, 514 F.2d 971 (3d Cir. 1975); Fed. R. Civ. P. 56 (c).

In light of these standards, the Court cannot help but find that HOVIC is not "engaged in the business" of selling skyclimber hoists, thus is not a "seller" within the ambits of § 402A. HOVIC's affidavit states facts which show that, with regard to this transaction, HOVIC was but an occasional seller. Plaintiffs' allegation that HOVIC was to provide "scaffolding" simply does not go to the point of countering HOVIC's unequivocal affidavit. There is simply no proffer of facts which support plaintiffs' contention that HOVIC regularly supplied either skyclimbers or any other type of equipment to independent contractors. Plaintiffs' general allegations established by neither affidavits nor any other support are insufficient to raise genuine issues of material fact and to avoid partial summary judgment in favor of HOVIC.

## CONCLUSION

Plaintiffs are not hereby denied a cause of action in negligence against HOVIC. Further, the policies furthered by § 402A are not defeated as plaintiffs are not precluded from establishing their cause of action in strict products liability against Skyclimber, the manufacturer of the unit. The Court today simply holds that plaintiffs cannot proceed against HOVIC within the perimeter of § 402A.

## ORDER

THIS MATTER is before the Court on Motion of HOVIC for Partial Judgment on the Pleadings, or In the Alternative for Partial Summary Judgment. The Court having filed its Memorandum Opinion of even date herewith, and the premises considered, now therefore it is

ORDERED:

THAT HOVIC's Motion for a Summary Judgment be and the same hereby is GRANTED, and plaintiffs are barred from proceeding against Defendant Hess Oil Virgin Islands Corp. on the theory of strict products liability.