**WILLIAM JOHN AUSTIN and EMELDA AUSTIN, Plaintiffs**

**v.**

**CORNELL DAVIDSON, JR., Defendant**

Civil No. 297/1983

Territorial Court of the Virgin Islands

Div. of St. Croix at Kingshill

November 26, 1984

MARK L. MILLIGAN, ESQ., Christiansted, St. Croix, V.I., *for plaintiffs*

MELVIN H. EVANS, JR., ESQ., Christiansted, St. Croix, V.I., *for defendant*

SILVERLIGHT, *Judge*

## MEMORANDUM OPINION

This matter comes before the Court on Plaintiffs William and Emelda Austin's Motion for Partial Summary Judgment. For the reasons set forth below, the Court denies the Motion.

## FACTS

On December 23, 1982, plaintiffs and defendant entered into a contract for the construction of a dwelling on the premises known as No. 68 Mary's Fancy. Plaintiffs paid defendant Three Thousand Dollars ($3,000.00) as a deposit. Plaintiffs subsequently terminated defendant's employment on the grounds that he had breached various provisions of the contract. Plaintiffs allege that although under the contract, defendant was to commence work on January 3, 1983,[1] and complete same within 150 days from the date of commencement, he has deliberately failed to do so in a timely fashion. (Plaintiffs' Verified Complaint at ¶¶ 7, 8.) In addition, they assert that time was of the essence in the performance of the work. (Plaintiffs' Verified Complaint at ¶ 8.)

██ Defendant, on the other hand, avers that he commenced performance by analyzing the building drawings and premises, lining up work crews, and gathering supplies and materials, some of which had to be ordered from the States. (Affidavit of Cornell

---

[1] Although the date stated in plaintiffs' complaint is January 3, 1982, the Court will treat the same as a typographical error.

Davidson, Jr., at ¶ 2.) Further, he alleges that plaintiffs gave no indication of their dissatisfaction with his performance or the progress of his work prior to their letter of February 3, 1983. In addition, he claims that costs for labor and materials have exceeded $3,000.00 and that he has contracted for additional materials and labor in order to complete the project. (Affidavit of Cornell Davidson, Jr., at ¶¶ 3, 4, 5.)

Plaintiffs now move for partial summary judgment and seek to recover the $3,000.00 deposit.

## DISCUSSION

Rule 56(c) provides that summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Court's posture in a summary judgment motion is to "resolve any doubt as to the existence of a genuine issue of fact against the moving parties." Ness v. Marshall, 660 F.2d 517, 519 (3d Cir. 1981) (quoting Tomalewski v. State Farm Insurance Co., 494 F.2d 882, 884 (3d Cir. 1974)). The movant further has the burden of demonstrating there is "no genuine issue of any material fact." Walker v. Skyclimber, Inc., 571 F.Supp. 1176, 1179 (D.V.I. 1983).

In the instant case, plaintiffs move for partial summary judgment and seek the return of the $3,000.00 deposit on the grounds that defendant has substantially breached the terms of the contract by "his deliberate failure to perform work agreed upon in a timely fashion." (Plaintiffs' Verified Complaint at ¶ 8.) The key issue presented to this Court is whether the facts unrefutably show that defendant breached the terms of the contract. This Court finds that there are issues of material fact which will preclude summary judgment at this time.

Under Article II of the contract, "the performance of work will commence on 3 January, 1983 and shall be completed within 150 days (Saturday, Sundays and holidays excluded) from the date of commencement." It also provides for liquidated damages equivalent to $50.00 per day for each day beyond May 31, 1983, that is required to complete the work. Article II is ambiguous since, by its own terms, 150 working days from January 3, 1983, would place the completion date at July as opposed to May. Secondly, plaintiffs do not assert that defendant failed to begin work at the appropriate

date, but rather that defendant did not perform the work in a timely fashion. Since the contract is ambiguous as to the completion date, the timeliness of defendant's performance remains in dispute.[2] Furthermore, defendant's affidavit and supporting correspondence indicate that some work had commenced at least as of January 4, 1983, and was continuing as of plaintiffs' first termination letter dated February 3, 1983. Specifically, he ordered various materials, analyzed the building drawings and the premises, and gathered work crews.

Defendant also asserts that he has expended amounts beyond the $3,000.00 given to him by plaintiffs. Neither side has attempted to explain the purpose of the $3,000.00 deposit. For example, was the money to be used for start up costs such as preliminary analysis or initial work crews? Moreover, if they were to be used for those purposes, it is unresolved whether defendant's actual costs exceeded $3,000.00, thus entitling him to that excess in addition to $3,000.00.

■ Accordingly, since there remain issues of material fact regarding whether defendant breached the terms of the contract, plaintiffs' Motion for Partial Summary Judgment is DENIED.

## ORDER

For the reasons set forth in the Memorandum Opinion filed on even date herewith, it is

ORDERED that plaintiffs, William and Emelda Austin's Motion for Partial Summary Judgment be, and the same hereby is DENIED.

---

[2] While plaintiffs also claim that time was of the essence in building the house, there is no such indication in the contract. Ordinarily, time is not of the essence in construction contracts. Corbin on Contracts, § 720 (Kaufman supp., 1984). Moreover, the provision in Article II for the imposition of penalties for delays is evidence that the contract did not intend time to be of the essence for purposes of termination.