Carl Everett WILLIAMS, Administrator
of Estate of Phyllis Ann
Williams, Appellant,

v.

Arthur FULMER, Jr., Arthur Fulmer-
Louisville, Inc., and Florida Safety
Products, Inc., Appellees.

Supreme Court of Kentucky.

June 13, 1985.

Rehearing Denied Sept. 26, 1985.

C. Thomas Hectus, Gittleman & Barber, Louisville, for movant.

Hal Nance Bogard, John G. Heyburn, II, Stephen G. McKnight, Brown, Todd & Heyburn, Louisville, for respondents.

LEIBSON, Justice.

Phyllis Ann Williams was killed while a passenger on a motorcycle in an accident on July 3, 1977. On June 30, 1978, her estate filed a products liability action alleging Mrs. Williams was killed because her motorcycle helmet was of defective design and manufacture. Defendants were (1) "Arthur J. Fulmer Company, P.O. Box 177, Memphis, Tennessee," (2) "Vista Kawasaki, Inc. of Louisville, Kentucky," and (3) "Unknown defendants, unknown addresses."

The complaint alleged that the Arthur J. Fulmer Company was responsible for "defective design, warning, manufacture, testing and distribution of said helmet," that Vista Kawasaki, Inc. (since dismissed as a defendant) was engaged in distribution of the helmet, and that there were "unknown defendants." The complaint was broad enough to encompass three theories of liability for defective products: negligence, strict liability in tort as set out in Section 402A of the *Restatement (Second) of Torts*, and liability for breach of warranty as covered by KRS Chapter 355, the Uniform Commercial Code.

A Third Amended Complaint filed in August, 1979, named as the defendants the appellees, Arthur F. Fulmer, Jr., Arthur Fulmer-Louisville, Inc., and Florida Safety Products, Inc. Florida Safety Products, Inc. manufactures the helmets for Arthur F. Fulmer, Jr., and Arthur Fulmer-Louisville, Inc. is a local distributor.

After extensive briefing which centered around whether the plaintiff could avoid the one year statute of limitations for personal injury actions, the trial court sustained appellees' motion for summary judgment. The Court of Appeals affirmed. The sole grounds pursued on Motion for Discretionary Review is appellant's claim that the breach of warranty claim saves the cause of action under the four year statute of limitations provided in the Uniform Commercial Code, Section 2–725, styled "Statute of limitations in contract for sale." KRS 355.2–725. We hold it does not.

There was also a CR 15.03 issue presented in the Court of Appeals which the appellant has abandoned and which we do not consider in this opinion.

The Court of Appeals agreed with the appellant that the complaint alleged breach of warranty, that in proper circumstances the victim of a defective product can pursue a products liability claim under the breach of warranty theory, and that breach of warranty carries with it a four year statute of limitations. But the Court of Appeals held that the circumstances of the present case did not qualify for asserting a cause of action based on breach of sale's warranties because there was no privity between the decedent and the appellees.

The evidence in the present case is undisputed that both the motorcycle and helmet in question were not purchased by decedent's husband from the manufacturer or, indeed, from a commercial distributor, but instead were purchased on resale from a

private individual who had no connection to any of the appellees.

The Court of Appeals cited and followed the Uniform Commercial Code (U.C.C.), KRS Chapter 355, and more particularly KRS 355.2–318, "Third party beneficiaries of warranties express or implied":

"A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section."

The Court of Appeals held that this section provided the limits to the exception to privity for breach of warranty except where otherwise expressed by the terms of the contract of sale. It held that, although our decision in *Dealers Transport Co., Inc. v. Battery Distributing Co.*, Ky., 402 S.W.2d 441 (1965) recognized strict liability in tort as set out in Section 402A, *Restatement (Second) of Torts*, as a cause of action against the manufacturer or commercial seller of a product in a defective condition unreasonably dangerous to the user or consumer, *Dealers Transport* did not abolish privity in those cases where liability is not predicated on Section 402A, but on warranty, which is a sales concept governed by the U.C.C.

The thrust of the Motion for Discretionary Review to this Court was that *Dealers Transport* held (or we should now hold) that privity of contract is no longer required to bring an action for breach of warranty; that, therefore, the U.C.C. four year statute of limitations specified in KRS 355.2–725 should apply in the present case rather than the general statute of limitations for a personal injury action of one year specified in KRS 413.140(1)(a).

The opinion of our Court in *Dealers Transport Co., supra*, adopted the theory of strict liability in tort as set out in Section 402A of the *Restatement (Second) of Torts*. This states a cause of action for physical harm (to person or property) caused by a product defect against the manufacturer or commercial seller of a product, not to be confused with the cause of action for breach of warranty against a commercial seller as set out in the U.C.C.

In fact, there are three *different* theories of liability for personal injury or property damage available against the manufacturer or commercial seller which may or may not be available to the injured party, depending on the factual circumstances. These are: (1) ordinary negligence, as recognized by this Court in *C.D. Herme, Inc. v. R.C. Tway Co.*, Ky., 294 S.W.2d 534 (1956); (2) strict liability in tort, as recognized in *Dealers Transport, supra;* and (3) contract liability for breach of warranty, which is governed by the terms of the contract and the statutory provisions of the U.C.C. A contract, commercial or otherwise, is limited by its terms, except to the extent that it must conform to statute. The U.C.C. is the only statute involved here. If liability is based on sale of the product, it can be extended beyond those persons in privity of contract only by some provision of the U.C.C. as adopted in Kentucky. The only provision of the U.C.C. extending breach of warranty in injury cases is KRS 355.2–318, *supra*.

Kentucky adopted the Uniform Commercial Code and this section in 1960. This section is now Alternative A of Section 2–318 of the 1972 Official version of the Code produced by the Permanent Editorial Board sponsored by American Law Institute and National Conference of Commissioners on Uniform State Laws. White & Summers, *Uniform Commercial Code* § 11–3 (2d ed. 1980). Alternative A is still the form in the majority of states, but not in all. *Id.* at 403. Two additional alternatives, broader in scope, have since been drafted and adopted in some states. *Id.* at 404. Alternatives B and C extend breach of warranty "to any natural person who may reasonably be expected to use, consume or be affected by the goods," with slight variations. *Id.* Courts in states that have adopted Alternatives B and C are

therefore free to extend a seller's warranty beyond those in privity to the contract. The distinction is clearly drawn by the terminology involved.

The bottom line is that whether a product is defective has different elements under negligence, under strict liability in tort, and under breach of warranty. Although the same evidence may prove one, two or all three theories, liability as defined under each is different and each carries different implications. We conclude that with breach of warranty as expressed through KRS 355.2–318, beneficiaries of implied warranties are limited to the purchaser and to "any natural person who is in the family or household of [the] buyer or who is a guest in his home."

Initially at common law privity was considered a necessary ingredient to establish a duty in both contract and tort. The 1842 English decision in *Winterbottom v. Wright,* 152 Eng.Rep. 402 (1842), holds that the injured person must be in privity with the defendant manufacturer or distributor to permit recovery. Early on, with no distinction between contract and tort, there was no liability unless there was a contract between the parties for the sale or repair of the injuring product. The evolution of a separate tort theory of negligence, recognizing liability based on the universal duty of reasonable care owed by all to all, separate from contractual duty, took place in the common law during the latter part of the 19th century. See discussion in *Gas Service Co., Inc. v. City of London,* Ky. 687 S.W.2d 144 at 148 n. 2 (1985). It culminated with Justice Cordozo's now famous opinion in *MacPherson v. Buick Motor Co.,* 217 N.Y. 382, 111 N.E. 1050 (N.Y. 1916), establishing the rule that a manufacturer may be held liable in negligence without privity of contract to those persons involved in the foreseeable use of the product. This doctrine became part of Kentucky law through *C.D. Herme, Inc., supra.* Section 402A of the *Restatement (Second) of Torts,* adopted by us in *Dealers Transport, supra,* is but an extension and a refinement of that tort doctrine.

There has been no similar common law evolution of sales contract theory. On the contrary, the duties under sales contracts remain the reciprocal duties assumed by and between the parties as expressed by the terms of the contract except for statutory changes embodied in the U.C.C. The appellant contends that by adopting Alternative A in KRS 355.2–318, the legislature did not intend to put any outer limits on the exceptions to privity, but only to confer automatic standing on those persons expressly designated in this section. But the major differences between Alternative A and Alternatives B and C, which are available to the legislature should it so elect, are the very words which appellant seeks to add by court decision.

Appellant refers us to the official "Code Commentary" prepared by the drafters, which states that this section "is neutral and is not intended to enlarge or restrict the developing case law on whether the seller's warranties, given to his buyer who resells, extend to other persons in the distributive chain." The Commentary is not incorporated in nor referred to by our statute. Even though Alternatives B and C were not available in 1958 when the Kentucky legislature enacted the Uniform Commercial Code, these Alternatives have been available since 1962, and the failure of the legislature to adopt these Alternative versions cannot be ignored. Since the advent of the U.C.C., commercial sales law is statutory. We have no precedent for changing statutory law by court decision as we do for common law negligence rules. We have no precedent for abolishing privity where liability is based on the sales contract.

The decision of the Court of Appeals and the judgment of the trial court are affirmed.

STEPHENS, C.J., and AKER, GANT, LEIBSON, STEPHENSON and WINTERSHEIMER, JJ., concur.

VANCE, J., concurs in results only.