MINI MART, INC., a Wyoming Corporation, and C. Rodney Kinskey, Appellants,

v.

DIRECT SALES TIRE COMPANY, a Colorado Corporation, Appellee.

No. 88–5148.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 14, 1988.

Decided June 1, 1989.

---

Karen E. Schreier, Sioux Falls, S.D., for appellants.

Steven W. Sanford, Sioux Falls, S.D., for appellee.

Before ARNOLD, Circuit Judge, BRIGHT, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

ARNOLD, Circuit Judge.

Mini Mart appeals from the District Court's grant of a summary judgment in favor of Direct Sales, arguing that there were questions of material fact for the jury, and that the Court's resolution of various issues involving South Dakota tort and commercial law was in error. As to the fraud and strict-liability claims, we affirm. As to the remaining claims, we remand this case to the District Court for a discussion of the rationale underlying its decision.

In 1976, Direct Sales approached Mini Mart about the possibility of Mini Mart's selling gasoline in conjunction with its convenience store operations. The parties initially agreed that Direct Sales would install and own the underground gasoline storage tanks to be placed at Mini Mart stores, and that Mini Mart would sell the gasoline on a consignment basis. However, before the gasoline tanks were completely installed, the arrangement was modified, and Mini Mart bought the tanks from Direct Sales.

In August 1985, Mini Mart discovered that gasoline was leaking from one of the storage tanks. Most of the gas was recovered from the surrounding soil, and the tanks at that store were removed in February 1986. In June 1986, Mini Mart filed suit against Direct Sales for negligence, breach of warranty, strict liability, violation of a regulatory statute, fraudulent concealment, and breach of contract. Both sides filed motions for summary judgment, and the District Court ruled in favor of Direct Sales. In its two-page opinion, the Court set out the standard for evaluating a motion for summary judgment, and then stated simply that "having considered defendant's motion and arguments of counsel, [the Court] concludes that there is no genuine issue of material fact and that defendant is entitled to judgment as a matter of law." *Mini Mart v. Krause*, CIV 86–5081, slip op. at 2 (D.S.D. March 8, 1988). The Court also awarded costs to the defendants.

On appeal, Mini Mart raises a number of issues of law and fact with respect to each of its causes of action:

(1) Whether the District Court erred in granting summary judgment against Mini Mart on its negligence claim:

(a) Whether there were questions of material fact as to whether the gasoline tanks were installed in compliance with a South Dakota safety regulation;

(b) Whether Direct Sales is liable for acts or omissions connected with installation of the tanks even though it employed an independent contractor to do the work;

(c) Whether the Uniform Commercial Code applies to this case; and, if so, whether economic damages are recoverable and whether the statute of limitations has run on this action;

(2) Whether the District Court erred in granting summary judgment against Mini Mart on its cause of action for a statutory violation:

(a) Whether there were questions of material fact as to whether the tanks

were installed in compliance with a South Dakota safety regulation.

(3) Whether the District Court erred in granting summary judgment against Mini Mart on its fraud and negligent-concealment cause of action:

(a) Whether there was a fiduciary relationship between Mini Mart and Direct Sales, and whether that relationship would require Direct Sales to disclose installation defects to Mini Mart.

(4) Whether the District Court erred in granting summary judgment against Mini Mart on its strict-liability cause of action:

(a) Whether Direct Sales was an occasional seller of gasoline tanks,

(5) Whether the District Court erred in granting summary judgment against Mini Mart on its breach-of-contract claim:

(a) Whether under the contract Direct Sales had a duty to disclose to Mini Mart latent defects in the installation of the tanks;

(b) What is the correct statute of limitations to be applied to this cause of action.

■ We are satisfied that the District Court was correct in dismissing claims (3) and (4). As to claim (3), there is no substantial evidence of any fraud, and the charge of negligent concealment is only another way of characterizing the claim of negligent installation, which is adequately set forth in claim (1). As to claim (4), there is no substantial evidence that Direct Sales was in the business of selling gasoline storage tanks. It is therefore not liable under Section 402A of the Restatement.

■ As to claims (1), (2), and (5), however, we are in doubt. Does the U.C.C. apply to these claims? What limitations period governs? What is the effect of the provision in the bill of sale that plaintiff accepts the tanks "as is and as located"? Is there a genuine issue of fact as to whether the rock in which the tanks were embedded is "gravel" within the meaning of an industry standard which has the force of law? The case literally bristles with these and other issues of state law which are closely contested by the parties in detailed briefs. Normally we defer to a district court's analysis of the law of its own State, but here the District Court, no doubt under the pressure of a burdensome caseload, has provided no analysis.

While Fed.R.Civ.P. 56 does not require a discussion of the reasons a court has for granting or denying a summary-judgment motion, such a discussion can be most helpful not only to the litigants, but to a reviewing court as well. *Robert Johnson Grain Co. v. Chemical Interchange Co.,* 541 F.2d 207, 210 (8th Cir.1976). A full opinion might persuade the parties that an appeal could be avoided, or if not, facilitate review by this Court. *Brown v. Gamm,* 525 F.2d 60, 61 n. 2 (8th Cir.1975). Because we do not know how the District Court arrived at its decision, we are seriously handicapped in reviewing it. See, *e.g., Isquith v. Middle South Utilities,* 847 F.2d 186, 209–11 (5th Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 310, 102 L.Ed.2d 329 (1988). Matters of state law, especially, are better decided in the first instance by a district court interpreting the law of the State in which it sits, than by an appellate court. It would be helpful to have the considered opinion of the District Court to guide us on appeal.

Accordingly, the dismissal of claims (3) and (4) is affirmed. The remaining claims are remanded to the District Court in order for that Court to explain its holding. This panel will retain jurisdiction. We request the District Court to certify its rulings to us as soon as reasonably practicable. Promptly upon receipt of them we shall proceed to decide the rest of the appeal.

It is so ordered.