■ Roberto Marte et al., Respondents, v W.O. Hickok Manufacturing Co., Inc., et al., Defendants, and New York Looseleaf Corporation et al., Appellants. (And a Third-Party Action.)—Order of the Supreme Court, New York County (Myriam J. Altman, J.), entered on or about October 5, 1988, which granted the motion for reargument by defendants New York Looseleaf Corporation, American Book-Stratford Press, Inc. and H. Wolff Book Manufacturing Co., Inc. and, upon reargument, adhered to its prior determination, is unanimously reversed on the law to the extent appealed from and, upon reargument, the motion for summary judgment dismissing the complaint as to them granted, without costs or disbursements.

Plaintiff Roberto Marte, then an employee of third-party defendant Prudential-Feld Company, Inc., sustained a partial amputation of his right arm when it was caught in the rotating gears of a Linoprint 600 machine designed and manufactured by defendant W.O. Hickok Manufacturing Co., Inc. It is plaintiffs' contention that the device was deficient and unsafe in a number of significant respects. The subject machine was initially sold to defendant New York Looseleaf Corporation in 1968 or 1969. Looseleaf was subsequently acquired by defendant H. Wolff Book Manufacturing Co., Inc., which was in turn, purchased by defendant American Book-Stratford Press, Inc. Looseleaf was liquidated in 1972-1973, and its equipment and machinery were sold on an "as-is, where-is" basis without any guarantees or warranties as to fitness or merchantability. Neither Looseleaf, H. Wolff nor American Book-Stratford had been engaged in the business of selling new or used machinery. Among the items disposed of in the course of the going-out-of-business sale was the Hickok Linoprint machine, obtained by Prudential. Since the sale of the machine to Prudential, Looseleaf, H. Wolff and American Book-Stratford have had no contact with it. The machine was sold in its component parts and then reassembled at Prudential's premises by an employee of Hickok.

At his examination before trial, plaintiff asserted that he had been operating the Linoprint machine for approximately five weeks prior to the accident and had become aware that the device was subject to excessive vibration. Plaintiff also testified that one week before the incident in question, one of the guard doors opened while the machine was running and that he turned the machine off, observing that the lock pin which secured the door was hanging down on the floor. He shut the door and endeavored to affix it with the lock pin, which would not go through the hole on the door. Following

repeated unsuccessful attempts to put the lock pin into the hole, plaintiff reported the problem to the shop mechanic, Elias Evertz. According to plaintiff, Evertz stated that he would repair the defect later. Plaintiff thereafter continued his work and encountered no further difficulties with the guard door until the date of the accident. Evertz, at his deposition, admitted to having noticed that the machine's vibrations sometimes caused the lock pin to loosen from the hold. The manufacturer's representative testified during the examination before trial that in the course of his postaccident inspection, he saw two holes in the guard door. The hole on the right had been drilled by Hickok at the time of manufacture and had become enlarged over the years, apparently as a result of the vibrations of the machine, thereby causing the lock pin to fall out of the hole and the door to open. The guard door, plaintiff claims, was not completely closed when his right forearm was pulled into the machine at the time of the accident.

Plaintiff commenced the instant action against numerous defendants, including Looseleaf, H. Wolff and American Book-Stratford, alleging strict products liability, breach of warranty and negligence. These three defendants successfully moved for summary judgment dismissing the breach of warranty and strict products liability claims, but the Supreme Court declined to dismiss the negligence cause of action. This was error. Dismissal of the negligence claim is mandated under the authority of *Sukljian v Ross & Son Co.* (69 NY2d 89). In that case, the Court of Appeals held that a company not regularly engaged in the business of selling the equipment at issue does not, in incidentally disposing of such item at a surplus equipment sale, undertake any special responsibility to the public for public safety, and therefore, there is no basis for the imposition of strict liability. Further "[w]e have * * * several times made clear that a determination of negligence—i.e., breach of duty—must begin with consideration of the duty owed, which is a matter of policy, rather than with the issue of foreseeability * * *. At most, the duty of a casual or occasional seller would be to warn the person to whom the product is supplied of known defects that are not obvious or readily discernible * * *. This orbit of duty is consistent with the recognition that, unlike the manufacturer * * * or the seller of a product in the normal course of business, the occasional seller is not part of the regular commercial network for that product" *(supra,* at 97).

It is undisputed that Looseleaf was a casual seller not

engaged in the sale of machinery as a regular part of its business and that the subject machine was disposed of in a liquidation sale in "as-is, where-is" condition and without any guarantees or warranties. Since the duty of a casual or occasional seller is, at most to warn the person to whom the item is supplied of known defects that are not obvious and readily discernible, and it is clear that plaintiff, as well as Prudential (through its shop mechanic), was aware of the defective lock pin, there can be no breach herein resulting in negligence *(Sukljian v Ross & Son Co., supra)*. Plaintiff admitted that he had observed the lock pin fall out of the hole and the guard door open and had alerted the shop mechanic to the problem. He had knowledge both of the defect and the danger posed thereby, so it cannot reasonably be argued that the failure to warn by the Looseleaf defendants, even if the defect had not been obvious or readily discernible, had any causal relationship to the accident. Consequently the Supreme Court should have granted in full the motion for summary judgment dismissing the complaint against Looseleaf, H. Wolff and American Book-Stratford. Concur—Sullivan, J. P., Ross, Carro, Milonas and Rosenberger, JJ.