**GRIFFIN INDUSTRIES, INC., Appellant,**

v.

**James JONES, Appellee,**

and

**James JONES, Cross–Appellant,**

v.

**GRIFFIN INDUSTRIES, INC.,**
**Cross–Appellee.**

Nos. 96–SC–685–DG, 97–SC–182–DG.

Supreme Court of Kentucky.

Sept. 3, 1998.

Kevin L. Murphy, Covington, for appellant/cross-appellee.

Michael J. O'Hara, David B. Sloan, Covington, for appellee/cross-appellant.

Garis L. Pruitt, Catlesttsburg, for amicus curiae The Kentucky Academy of Trial Attorney.

WINTERSHEIMER, Justice.

This is a significant products liability case presenting a novel strict liability issue involving comment (f) to section 402A of the Restatement (Second) of Torts. Griffin Industries sought discretionary review from an opinion of a Court of Appeals' panel which rendered a 21–page published opinion affirming in part and reversing in part and remanding for retrial part of the complaint filed by plaintiff/respondent James Jones. A separate concurring opinion in the Court of Appeals also specifically asked this Court to consider the matter.

Jones suffered serious leg injuries on October 10, 1990 while cleaning a screw conveyor system in the course of his employment as a sanitary worker for Kahns. Jones had failed to disengage or lock out the system which was activated by a coworker in another room. The screw conveyor system had been manufactured and sold to its customer, Kahns, by Griffin, which renders inedible animal by-product for resale and use in other commodities. Although Griffin had previously designed and installed such screw conveyor systems for internal use, it sold the three conveyor system in question at slightly more than cost to its regular customer, Kahns. There was a seven day jury trial involving the negligence claim by Jones against Griffin. The major issue on appeal is the propriety of a directed verdict in favor of Griffin on the strict liability aspect of the case. The jury, by an 11 to 1 vote, absolved Griffin of negligence. The case against Kahns was settled before trial. Griffin had obtained a summary judgment on the breach of warranty claim and a directed verdict on strict liability.

Jones raised numerous issues on appeal to the Court of Appeals, which affirmed in part but reversed and remanded as to the directed verdict for Griffin on the strict liability claim. The motion for review by Griffin agrees with the appellate panel's decision on the question of first impression in Kentucky adopting the occasional seller exception to strict liability under section 402A, differing regarding the application of that new law to this fact pattern.

The panel decided that the trial judge had erroneously directed a verdict for Griffin on strict liability. The Court of Appeals concluded that Jones could get to the jury with his proof of Griffin's internal screw conveyor endeavors plus its profit from the sale of the system installed for Kahns. Griffin argues vigorously that the panel thereby erroneously applied the occasional seller exception it had adopted.

Griffin argues that the Court of Appeals erred in reversing the order of the trial judge directing a verdict in favor of Griffin on the claim by Jones of strict liability. Griffin also contends that the Court of Appeals erred in concluding that the contents of an investigative report of the accident as compiled by Kahns were improperly admitted into evidence. Griffin also asserts that the Court of Appeals erred in concluding that the testimony of witnesses Robert Perry and Richard Young was improperly allowed.

Jones argues that the Court of Appeals holding that the trial judge erred in dismissing his products liability claim against Griffin should be affirmed. He also maintains that the Court of Appeals correctly found that the trial judge erred in admitting into evidence the contents of the investigative report of the Jones accident as conducted by Kahns because it failed to comply with KRE 803(6). He also contends that the Court of Appeals correctly held that the lay opinion testimony of Kahns and KWS representatives should have been excluded under KRE 701.

Jones also argues that the trial court erred in permitting Griffin to introduce evidence that OSHA did not cite either Griffin or

Kahns for violation of any OSHA regulations with respect to the screw conveyors in question. He also claims that the Court of Appeals incorrectly held that the improperly admitted testimony of Perry and Young was harmless error. Finally, he argues that the trial judge erred when he allowed evidence of the negligence of Jones' employer to be introduced into evidence and included Kahns, as a settling plaintiff, in the apportionment instruction.

The principle issue in this case is the application of the occasional seller exception to strict liability under section 402A of the Restatement (Second) of Torts.

In 1996 the Court of Appeals ruled that it was error for the trial judge to direct a verdict on the issues of strict liability and remanded for a trial on the merits. The panel also ruled on several different evidentiary issues which had the effect of letting the verdict for Griffin on the issue of negligence stand. This court granted the motion of Griffin for discretionary review and the cross motion of Jones for similar review.

The Court of Appeals erred in reversing the order of the trial judge directing a verdict in favor of Griffin on the claim by Jones for strict liability in tort.

Kentucky adopted section 402A of the Restatement (Second) of Torts in *Dealers Transport Co., Inc. v. Battery Distributing Co., Inc.*, Ky., 402 S.W.2d 441 (1965). In *Dealers supra*, the court held that privity is not a prerequisite to the maintenance of an action for breach of an implied warranty in products liability actions. Since that time there have been numerous cases recognizing that theory of recovery in product liability cases.

The trial judge correctly determined that Griffin was an occasional seller under comment (f) to section 402A of the Restatement (Second) of Torts and thus properly entered a directed verdict against the strict liability claim of Jones.

■ The responsibility for liability under section 402A is in the sale of a defective product by one who is engaged in the business of selling. Here, there is no question from an examination of the evidence present-

ed at trial that Griffin was not engaged in the business of selling screw conveyors. The uncontradicted testimony was that Griffin is in the business of rendering animal waste. The evidence indicated that Griffin, through an internal division, assembled screw conveyors for its own use. The division was not a separate corporation and existed only to accommodate the operating needs of Griffin. One who employs a product for internal use does not incur the liability of a manufacturer. *See American States Ins. Co. v. Lanier Business Products*, 707 F.Supp. 494 (M.D.Ala. 1989).

In this case, other than the sale to Kahns, Griffin had never sold a screw auger to an outside entity. Consequently, the sale of the system to Kahns was an isolated transaction that was within the occasional seller exception to section 402A; it does not come within the doctrine of strict liability.

■ Not every seller is subject to strict liability. The general considerations presented to justify the imposition of strict liability on manufacturers and sellers in the normal course of business are not applicable here because this corporation is not engaged in the sale of the allegedly defective product as a regular part of its business. *See Sukljian v. Ross and Son Co.*, 69 N.Y.2d 89, 97, 511 N.Y.S.2d 821, 503 N.E.2d 1358 (1986). The liability imposed by section 402A relates to the sale of a defective product by one engaged in the business of selling. "It is axiomatic that one basic requirement for the application of the rule of strict liability under section 402A is that the defendant must be engaged in the business of selling the chattel." *Walker v. Skyclimber, Inc.*, 571 F.Supp. 1176 (D.Vi.1983); *Burke Enterprises, Inc. v. Mitchell*, Ky., 700 S.W.2d 789 (1985). The liability imposed by section 402A is special liability limited to manufacturers and distributors engaged in the business of selling the product in question. *See also Mini Mart, Inc. v. Direct Sales Tire Co.*, 876 F.2d 63 (8th Cir.1989); *Marte v. W.O. Hickok Manuf. Co., Inc.*, 159 A.D.2d 316, 552 N.Y.S.2d 300 (1990); *McKenna v. Art Pearl Works, Inc.*, 225 Pa.Super. 362, 310 A.2d 677 (1973); *Welch v. Dura–Wound Inc.*, 894 F.Supp. 76 (N.D.N.Y.1995).

The otherwise valuable rule of strict liability does not apply to the occasional seller of an allegedly defective product. When a product is sold only on an occasion or incident to the business of the seller, the transaction does not come within the purview of the doctrine of strict liability. *See Bailey v. ITT Grinnell Corp.*, 536 F.Supp. 84 (N.D.Ohio 1982)

The evidence in this case indicated that Griffin, through its internal operations, assembled screw conveyors for its internal use. The law is clear that when one uses a product for internal use only, manufacturer liability does not apply. *American States Ins., Co.*, 707 F.Supp. at 498. *See also Goetz v. Avildsen Tool and Machines, Inc.*, 82 Ill. App.3d 1054, 38 Ill.Dec. 324, 403 N.E.2d 555, 562 (1980); *Holifield v. Pitts Swabbing Co.*, 533 So.2d 1112 (Miss.1988). The sale by Griffin of the screw conveyor system to Kahns was an isolated transaction that comes within the occasional seller exception to section 402A.

Griffin did not solicit the sale in question and received no significant revenue from the sale. The system was sold to Kahns for $16,870, slightly over cost. There was no evidence presented that Griffin advertised or otherwise marketed this or any other screw conveyor system. "[T]he fact of mass marketing, or at least some marketing, is an essential element of a claim of strict products liability." *Snyder v. ISC Alloys, Ltd.*, 772 F.Supp. 244, 252 (W.D.Pa.1991).

We reverse that part of the decision by the Court of Appeals which reversed the order of the trial judge directing a verdict in favor of Griffin on the claim of strict liability in tort by Jones because Griffin was not a seller within the definition of section 402A.

We conclude that the evidentiary rulings by the trial judge with regard to the admission of testimony of Perry and Young in relation to the accident investigation report and the safety devices were in error, however, such error was harmless and nonprejudicial.

We affirm that part of the decision of the Court of Appeals which permitted the introduction of OSHA testimony and regulations and the admission of testimony by Perry and Young as harmless error. The trial judge did not err when he allowed evidence of the negligence of Jones employer to be introduced in the apportionment instructions.

The decision of the Court of Appeals is affirmed in part and reversed in part.

COOPER, GRAVES, JOHNSTONE and STUMBO, JJ., concur.

STEPHENS, C.J., concurs in result only.

LAMBERT, J., files a separate opinion concurring in part and dissenting in part.

LAMBERT, Justice, concurring and dissenting.

I concur with that portion of the majority opinion which addresses the occasional seller rule in Section 402A of the Restatement (Second) of Torts, comment (f). Nevertheless, I would reverse for a new trial on the negligence claim against Griffin Industries on the view that apportionment of libility was erroneous by allowing an instruction against Kahns.

The majority opinion approves allowing the jury to apportion liability against Kahns. Appellee was employed by Kahns. As such, Kahns was protected from civil liability by the exclusive remedy provision of the Workers' Compensation Act, KRS 342.690. Of course, as appellee's employer at the time of his injuries, Kahns was required to pay Workers' Compensation benefits. In circumstances where an employee is injured by the negligence of a third party, but where the employer is required to pay Workers' Compensation benefits, the employer is entitled to recover such sums from the party at fault. To facilitate such recovery, KRS 342.700 authorizes an employer to intervene in civil litigation brought by the employee against a negligent third party, and, if the third party's negligence is established, recover such sums as have been paid in Workers' Compensation benefits.

The majority has reasoned that the employer's intervention into the civil action for recovery of Workers' Compensation benefits it had paid, and the settlement of the claim between the employer and the third party

(Griffin Industries) constitute the active assertion of a claim and authorizes apportionment of liability against the employer. With this I must disagree. After this Court's departure from the rule in *Nix v. Jordan,* Ky.App., 532 S.W.2d 762 (1975), whereby a plaintiff was entitled to sue whatever negligent party the plaintiff desired to sue, leaving to the defendant the responsibility to seek indemnity or contribution from others who might be liable for some or all of the injuries sustained, we adopted the view that apportionment was proper against whomever the plaintiff had actively asserted a claim. Thus, if a plaintiff settled with a party prior to commencement of litigation and thereafter sued one or more other parties, at trial, apportionment was proper against those defendants who remained as well as those who had settled. This was the rule in *Floyd v. Carlisle Construction Company,* Ky., 758 S.W.2d 430 (1988). The key to application of such theory was allowing apportionment against all parties who were or might be legally liable to plaintiff.

In the case at bar, Kahns was not and could not be liable to plaintiff by virtue of the exclusive remedy provision of the Workers' Compensation Act. Plaintiff had no right to bring litigation against his employer. His only claim against his employer was for Workers' Compensation benefits. The employer entered this litigation not to obtain indemnity or contribution from plaintiff, but from Griffin Industries, the manufacturer of the device which injured plaintiff. The fact that Griffin "bought its peace by paying Kahns" should not entitle Griffin to an apportionment instruction whereby Kahns can be adjudged liable for any part of plaintiff's injuries. The effect of allowing an apportionment against Kahns was to permit Griffin to present and argue irrelevant evidence as to Kahns' negligence. Griffin was allowed to make its case against an empty chair. This fact quite probably explains the 11-1 jury verdict against Jones on his negligence claim against Griffin.