COMPEX INTERNATIONAL
COMPANY, LIMITED,
Appellant,

v.

Stephen C. TAYLOR;  and Laura
Taylor, Appellees.

No. 2005–SC–0228–DG.

Supreme Court of Kentucky.

Oct. 19, 2006.

As Modified on Denial of Rehearing
Jan. 25, 2007.

Robert I. Cusick, Jr., Wyatt, Tarrant & Combs, LLP, Louisville, Mickey Todd Webster, Wyatt, Tarrant & Combs, LLP, Lexington, Counsel for Appellant.

Jason E. Williams, Farmer, Kelley, Brown & Williams, Harold F. Dyche, II, Farmer, Kelley, Brown & Williams, London, Counsel for Appellees.

ROACH, Justice.

## I.  INTRODUCTION

This case involves a products liability claim for the alleged breach of an implied warranty of merchantability.  The Bell Circuit Court granted a motion to dismiss the implied warranty claim against Appellant, Compex International Company, Ltd., after concluding that the parties lacked privity of contract.  That portion of the circuit court's judgment was reversed by the Court of Appeals, which held that the implied warranty claim was permissible under KRS 355.2–318, a statute in Kentucky's version of the Uniform Commercial Code (U.C.C.) which extends liability under an implied warranty to the family members and household guests of a product's buyers.  Appellees, Stephen and Laura Taylor, contend that the Court of Appeals was correct to remand the case and argue that their implied warranty claim against Compex is viable, despite a lack of contractual privity.  We disagree and reverse the decision of the Court of Appeals.

## II.  BACKGROUND

The basic facts underlying this case are not in dispute and are set forth as described in Appellees' Complaint.  Appellees, Stephen and Laura Taylor, visited the home of Stephen's parents in Bell County on or about July 14, 2001.  During the

visit, Stephen was injured when the chair he was sitting in collapsed, causing him to fall to the ground. The chair, which his parents had purchased at a K–Mart store in Middlesboro, had been manufactured by Compex.

Appellees filed a products liability action in the Bell Circuit Court naming Compex and K–Mart Corporation as defendants and claiming damages under theories of negligence, strict liability, breach of implied warranty, and loss of consortium.[1] The parties entered an Agreed Order, dismissing without prejudice Appellees' claims against K–Mart due to the company's pending bankruptcy. Compex filed its Answer to the lawsuit, asserting that some or all of Appellees' claims were time-barred and that the warranty claim, in particular, could not be maintained due to a lack of privity. In December 2003, Compex filed a motion to dismiss Appellees' claims, asserting that Appellees' claims for negligence, strict liability, and loss of consortium were barred by the applicable statute of limitations. It is further argued that the warranty cause of action failed to state a claim upon which relief could be granted because Appellees lacked privity of contract with Compex and were not otherwise entitled to bring such a claim under Kentucky's version of the U.C.C. Appellees' claims were dismissed as time-barred by an order of the trial court on December 24, 2003. In an Amended Or-

der, the trial court specified that Appellees' warranty claim had been dismissed due to the court's determination that the parties lacked privity.

In an unpublished opinion, the Court of Appeals affirmed the trial court's dismissal of the negligence, strict liability, and loss of consortium claims as time-barred, but reversed the dismissal of Appellees' implied warranty claim. The court reasoned that despite the parties' lack of privity, Appellees' warranty claim was valid pursuant to KRS 355.2–318, a provision of the UCC which provides an exception to the privity requirement for warranty liability to the family members and household guests of a buyer of goods. This Court granted the company's motion for discretionary review to consider the Court of Appeals' treatment of Appellees' warranty claims.

## III. ANALYSIS

The sole issue presented in this case is whether Appellees' implied warranty claim was properly dismissed by the trial court.[2] Appellees offer two central arguments in support of their position that the claim was dismissed improperly. First, they claim that under Kentucky law privity of contract is not a prerequisite for an action to recover damages due to the breach of an implied warranty, an argument that was

---

1. There was a dispute at the trial court level and before the Court of Appeals regarding the date the lawsuit was filed. Although Appellees claim former counsel mailed the original complaint to the clerk's office in early July 2002, the document was not stamped filed by the Bell Circuit Court clerk until July 19, several days after the one-year statute of limitations had expired on Appellees' claims for negligence, strict liability and loss of consortium claims. After a summons on the original Complaint was returned by the Secretary of State's office, a subsequent complaint was filed on January 2, 2003. Following Appel-

lant's motion to dismiss on December 2, 2003, appellees' original counsel withdrew from the action, and appellees proceeded with new counsel. Appellant was given notice of the lawsuit by Warning Order Attorney on January 17, 2003.

2. Although Appellees argued in the Court of Appeals that their claims for negligence, strict liability, and loss of consortium were wrongly dismissed as time-barred under the applicable statute of limitations, they did not present that argument for review by this Court.

rejected by the Court of Appeals. Alternatively, they argue that their implied warranty claim should not have been dismissed because it falls within the exception to the privity requirement defined in KRS 355.2–318. Neither of these arguments is convincing.

In support of their first claim, Appellees rely solely on *Griffin Industries, Inc. v. Jones,* 975 S.W.2d 100 (Ky.1998), which stated that "privity is not a prerequisite to the maintenance of an action for breach of an implied warranty in products liability actions." *Id.* at 102 (citing *Dealers Transport Co. v. Battery Distributing Co.,* 402 S.W.2d 441 (Ky.1965)).[3] But this statement in *Griffin* mischaracterized the holding in *Dealers.* While there is no question that the *Dealers* Court openly entertained the idea of disposing of privity as a prerequisite for products liability actions involving breach of warranty, the Court ultimately declined to endorse that view, deciding that the concept of strict liability, as defined in Section 402A of the Restatement (Second) of Torts, was the better approach.[4]

Moreover, this Court confirmed the limits of the *Dealers* opinion in *Williams v. Fulmer,* 695 S.W.2d 411, 413 (Ky.1985) ("The opinion of our Court in *Dealers Transport Co., supra,* adopted the theory of strict liability in tort as set out in Section 402A of the Restatement (Second) of Torts. This states a cause of action for physical harm (to person or property) caused by a product defect against the manufacturer or commercial seller of a product, not to be confused with the cause of action for breach of warranty against a commercial seller as set out in the U.C.C."). Justice Leibson, who wrote the opinion for a six-vote majority (Justice Vance concurred in result only), left no doubt that privity remains a prerequisite for products liability claims based on warranty, concluding forcefully: "We have no precedent for abolishing privity where liability is based on the sales contract." *Id.* at 414. As such, Appellees' reliance on *Griffin* is misplaced.

Of course, our recognition of the privity requirement is only the first step in this case. As the Court acknowledged in *Williams,* "If liability is based on sale of the product, it can be extended beyond those persons in privity of contract only by some provision of the U.C.C. as adopted in Kentucky. The only provision of the U.C.C. extending breach of warranty in injury cases is KRS 355.2–318 . . . ." 695 S.W.2d at 413. The Court of Appeals held, and Appellees now argue, that the warranty claim in this case should have been allowed to proceed pursuant to KRS 355.2–318, but such an approach would effectively ignore the privity requirement for claims of this type. The statute reads as follows:

---

**3.** Interestingly, the primary question presented to the Court in *Griffin* concerned the application of the occasional seller exception to the doctrine of strict liability as set forth in Section 402A. Although the plaintiff in the case had pursued a claim for breach of warranty before the trial court, that claim had been decided by summary judgment and was not before the Court. As such, the Court's statement regarding warranty claims seems entirely superfluous.

**4.** "We think we would do no judicial violence to hold that the law in this jurisdiction is that privity is not a prerequisite to maintenance of an action for breach of implied warranty in products liability cases, upon the authority and reasoning enunciated in *Henningsen v. Bloomfield Motors,* 32 N.J. 358, 161 A.2d 69, 75 A.L.R.2d 1. However, we are persuaded to the view expressed in Section 402A of the American Law Institute's revised Restatement of the Law of Torts approved in May, 1964 . . . ." *Dealers,* 402 S.W.2d at 446.

A *seller's* warranty whether express or implied extends to any natural person who is in the family or household of *his buyer* or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section.

(emphasis added). As discussed above, a seller's warranty protections are *only* afforded to one with whom there is privity of contract, or, to use the terms of the statute, a "seller's" warranty protections are *only* afforded to "his buyer." Although the statute provides an exception to the privity requirement, that exception is limited to its clear terms and includes only those individuals who enjoy the specified relationship with the buyer. While the Court of Appeals correctly acknowledged that Stephen Taylor's parents were "buyers" under the broad definition of that term in the U.C.C.,[5] it failed to acknowledge that they had no buyer-seller relationship with Compex. The exception set forth in KRS 355.2–318 is simply inapplicable in the absence of an underlying contractual relationship. Thus, Appellees' implied warranty claim was properly dismissed by the trial court.

Finally, we must reiterate a key principle from *Williams,* namely, that, at least since the advent of the U.C.C., the scope of warranty protections in commercial transactions is a matter of public policy that has been expressly decided by the General Assembly. Contract liability for breach of warranty arises not from the common law, but from the terms of the contract and the statutory provisions of the U.C.C. The concept of implied warranty in particular is governed by two express sections of the U.C.C., KRS 355.2–314 and KRS 355.2–315. We have long observed that determinations as to public policy are a matter for the General Assembly. *See, e.g., Commonwealth ex rel. Cowan v. Wilkinson,* 828 S.W.2d 610, 614 (Ky.1992) ("The establishment of public policy is granted to the legislature alone. It is beyond the power of a court to vitiate an act of the legislature on the grounds that public policy promulgated therein is contrary to what the court considers to be in the public interest. It is the prerogative of the legislature to declare that acts constitute a violation of public policy."). Appellees offer an array of policy arguments to support their assertion that their implied warranty claim should not have been dismissed. This Court need not decide the merits of such arguments since the legislature expressly established the privity requirement. Whether public policy demands the repeal of such a requirement is a question left to the legislature.

## IV. CONCLUSION

For the foregoing reasons, the judgment of the Court of Appeals is reversed and the judgment of the Bell Circuit Court dismissing Appellees' claim for breach of an implied warranty is hereby reinstated.

LAMBERT, C.J.; GRAVES, MCANULTY, MINTON and SCOTT, JJ., concur.

WINTERSHEIMER, J., dissents by separate opinion.

WINTERSHEIMER, Dissenting Justice.

I must respectfully dissent from the majority opinion because the clear language

---

**5.** KRS 355.2–103(1)(a) states that " 'Buyer' means a person who buys or contracts to buy goods."

of KRS 355.2–318 extends an implied warranty to household guests of the buyers such as the Taylors. The facts of this case indicate that the warranty claimed by the Taylors is not barred and that the trial judge erred by dismissing it. Consequently, I would remand this matter for further proceedings on the merits of the warranty claimed by the Taylors.