**Wilma GORDON, Plaintiff,**

v.

**The PROCTOR & GAMBLE DISTRIBUTING COMPANY, Defendant.**

**No. 90–0815–L(B).**

United States District Court,
W.D. Kentucky,
at Louisville.

March 19, 1992.

John M. Schardein, Dean L. Sexton, Naber, Joyner, Schardein & Stinson, Louisville, Ky., for plaintiff.

W. Kennedy Simpson, Angela D. Hendricks, Stites & Harbison, Louisville, Ky., for defendant.

## MEMORANDUM

SIMPSON, District Judge.

Plaintiff, Wilma Gordon (Gordon), underwent oral surgery for treatment of periodontal disease in July and August of 1989. As part of her post-operative treatment, her periodontist prescribed Peridex, a dental rinse manufactured and distributed by the defendant, The Proctor & Gamble Distributing Company (P & G). Plaintiff complains that after using one bottle of Peridex, she suffered permanent "severe diminished perseption (sic) as to taste." Plaintiff filed suit to recover damages based on strict liability, negligence and breach of warranty. This matter is before the Court on the defendant's motion for summary judgment. Fed.R.Civ.P. 56.

The record shows that Peridex is sold by prescription and with a warning that it may cause temporary loss of taste. Plaintiff's expert is of the opinion that plaintiff has suffered an "idiosyncratic response" to Peridex. P & G has included an affidavit regarding the examination of the batch 9017H from which plaintiff's second bottle of Peridex was obtained. The affidavit, signed by a Division Toxicologist for the Health Care Division of P & G, indicates that batch 9017H met all applicable government specifications. Plaintiff asserts that she lost her taste after the first bottle, but because that bottle had been discarded and the batch number untraceable, she contends that it could be inferred that the batch from which it was manufactured was defective.

Kentucky has not addressed the issue of whether a consumer can recover from a manufacturer for injuries sustained in using a product where the injury resulted from an idiosyncratic reaction to the product. Kentucky does require, however, that in order to recover in a products liability action, a plaintiff must prove that the product was defective. *Montgomery Elevator Co. v. McCullough*, 676 S.W.2d 776 (Ky.1984). We do not believe Kentucky would depart from the general rule that a plaintiff's unusual or rare idiosyncratic sensitivity does not provide a basis for recovery under any theory of product liability. *Mountain v. Proctor & Gamble Co.*, 312 F.Supp. 534, 536 (E.D.Wis.1970); *Oakes v. E.I. Du Pont de Nemours & Co.*, 272 Cal. App.2d 645, 651, 77 Cal.Rptr. 709, 713 (1969); *Booker v. Revlon Realistic Professional Prods., Inc.*, 433 So.2d 407, 410 (La. App.1983); *Thomas v. Gillette Co.*, 230 So.2d 870 (La.App.), *cert. denied*, 255 La. 809, 233 So.2d 249 (1970); *Presbrey v. Gillette Co.*, 105 Ill.App.3d 1082, 1091, 61 Ill. Dec. 816, 823, 435 N.E.2d 513, 520 (1982). Neither has plaintiff tried to persuade the Court that Kentucky would hold otherwise. "The unusual susceptibility of the consumer is generally recognized as a complete defense where the manufacturer did not know and had no reason to know that a very few users of his product might be injured." *Thomas v. Amway Corp.*, 488 A.2d 716, 722 (1985).

The defendant's motion for summary judgment will be granted.