Tammy McCOY, Plaintiff,

v.

GENERAL MOTORS CORPORATION,
Defendant.

No. Civ.A. 96–377.

United States District Court,
E.D. Kentucky.

Feb. 17, 1998.

Ned Pillersdorf, Pillersdorf, DeRossett & Barrett, Prestonsburg, KY, for Tammy McCoy, plaintiff.

Donald H. Combs, Combs & Combs, P.S.C., Pikeville, KY, Michael H. Carpenter, Timothy R. Bricker, Zeiger & Carpenter, Columbus, OH, for General Motors Corporation, defendant.

### MEMORANDUM OPINION AND ORDER

HOOD, District Judge.

The defendant, General Motors Corporation ("GMC"), has moved the Court [Record No. 39] for summary judgment. The plaintiff has responded [Record No. 40], to which GMC has replied [Record No. 42]. This matter is now ripe for decision.

This is a breach of warranty suit brought by Tammy McCoy against GMC. In October of 1995, McCoy purchased a 1995 Chevrolet Camaro; the car was manufactured by GMC. The car had an air

bag, and the owner's manual stated the following:

When should an air bag inflate?

The air bag is designed to inflate in moderate to severe frontal or near-frontal crashes. The air bag will inflate only if the impact speed is above the system's designed "threshold." If your vehicle goes straight into a wall that doesn't move or deform, the threshold level is about 9 to 15 mph (14 to 24 km/h). The threshold level can vary, however, with specific vehicle design, so that it can be somewhat about or below this range. If your vehicle strikes something that will move or deform, such as a parked car, the threshold level will be higher. The air bag is not designed to inflate in rollovers, side impacts, or rear impacts, because inflation would not help the occupant.

On February 10, 1996, the plaintiff had a head-on collision with a boulder that fell from a cliff in Pike County, Kentucky. The plaintiff concedes that GMC did not cause the collision, but rather, she claims that GMC breached its express and implied warranties when the air bag failed to inflate, causing her to be injured.

■ Kentucky recognizes breach of warranty as a theory under which a plaintiff may establish that a product is defective. *Williams v. Fulmer*, 695 S.W.2d 411, 413 (Ky.1985). Even under a breach of warranty, a plaintiff must still prove that the product is defective. *See Gordon v. Proctor & Gamble Distributing Co.*, 789 F.Supp. 1384, 1385 (W.D.Ky.1992); *Calhoun v. Honda Motor Co.*, 738 F.2d 126, 129–130 (6th Cir.1984).[1]

On June 24, 1997, the plaintiff identified James Casassa ("Casassa") as her expert witness. His task was to determine why the air bag did not deploy in the accident, i.e. identify the defect in the system. Ca-

sassa conceded that air bags should not deploy in every accident, and the fact that a person is injured in an accident, in which no deployment occurs, does not mean the air bag was defective. Casassa testified that he felt the Camaro's air bag did not meet its design parameters when it failed to deploy. However, when asked to identify the defect in the air bag, Casassa admitted that he could not do so:

Q. And based on what we've talked about, you have no evidence this particular vehicle was improperly manufactured?

A. I have no specific evidence to that effect, no.

Q. And you have no evidence that the vehicle was defectively designed?

A. That's correct

---

Q. Finally, you are unable today to tell me what the defect is in the air bag that was in Tammy McCoy's 1995 Chevy Camaro, correct?

A. That's correct.[2]

■ Since the plaintiff cannot show that the air bag in question was defective, she must be able to show that the air bag did not open due to a design defect. In order to show a design defect, the plaintiff must prove the following:

"First, in establishing that the design in question was defective, the plaintiff must offer proof of an alternative safer design, practicable under the circumstances.... Second, the plaintiff must offer proof of what injuries, if any, would have resulted had the alternative, safer design been used.... Third, ... the plaintiff must offer some method of establishing the extent of enhanced injuries attributable to the defective design."

1. It is important to note that the plaintiff does not challenge or dispute that she must prove that the product is defective in order to succeed on her breach of warranty claim.

2. Casassa's deposition.

*Caiazzo v. Volkswagenwerk A.G.*, 647 F.2d 241, 250 (2nd Cir.1981) (citation omitted).[3]

■ The plaintiff, however, has failed to produce any evidence of a practicable, safer, alternative design. Because the plaintiff has failed to show that the air bag was defective, she has not met her burden of proof. Hence, her claims must be dismissed for failing to substantiate one of the elements of her prima facie case.[4]

■ Alternatively, even if it is assumed that the air bag was defective, the plaintiff still fails to make out a prima facie case. The *Caiazzo* court went on to state that:

> [w]e realize that a plaintiff's burden of offering evidence of what injuries would have resulted absent the alleged defect will be heavy in some instances and perhaps impossible in others. Where it is impossible, however, the plaintiff has merely failed to establish his prima facie case, i.e. that it is more probable than not that the alleged defect aggravated or enhanced the injuries resulting from the initial collision. Moreover, in those instances in which the plaintiff cannot offer any evidence as to what would have occurred but for the alleged defect, the plaintiff has not established the fact of enhancement at all.

*Id.* at 251; *Huddell v. Levin*, 537 F.2d 726, 737–38 (3rd Cir.1976).[5]

In the case at bar, the plaintiff has not produced any substantive evidence as to what her injuries would have been if GMC had not allegedly breached its warranties. The plaintiff does not dispute GMC's claims that she has not produced any evidence on this point, but rather, she simply states:

> [i]t is hard to imagine a clearer casual [sic] connection than exists in this case. The air bag did not inflate. The Plaintiff's head snapped forward and impacted the steering wheel. Her nose was damaged. The Plaintiff submits that these facts justify a reasonable inference that the implied warranty associated with air bags was violated. The Defendant had warranted that the air bag would inflate under such circumstances and presumably protect her face. Indeed, the picture that accompanied the warranty, depicts a woman's face being protected from the steering wheel by the air bag.[6]

What the plaintiff fails to understand, however, is that it is incumbent upon her to show by competent evidence what her inju-

---

3. The plaintiff's expert did say that the defect was that the air bag did not deploy in a situation in which he felt that the threshold criteria for deployment in the owner's manual had been met. However, this allegation is speculative and very conclusory. " 'Conclusory allegations are not sufficient to withstand a motion for summary judgment.' " *Cincinnati Bell Tel. Co. v. Allnet Comm. Svcs., Inc.*, 17 F.3d 921, 923 (6th Cir.1994) (citation omitted). Additionally, the plaintiff's only expert on this point admits that he has not done the appropriate background work to validate his conclusory allegations:

> Q. You stated that the line of direction of the force that acted on the vehicle was 27 degrees or less I believe, correct?
> A. Yes.
> Q. But you never calculated the magnitude of that force, correct?
> A. That's correct.
> Q. And because of that, you have never calculated the magnitude of the force acting straight down the center line of the vehicle, have you?

> A. No.
> Q. And it's that force acting straight down the center line of the vehicle that's important when trying to compare any forces to the material in the owner's manual, correct?
> A. That would be the correct way to make the comparison, yes.
> Q. But you haven't done that?
> A. No.

4. Moreover, the plaintiff has failed to produce any evidence that there was an air bag in production that would have inflated under the circumstances of her collision.

5. The plaintiff does not challenge the fact that she has the burden of producing evidence that the alleged defect in the air bag caused her to sustain injuries above and beyond what she would have sustained had the air bag inflated.

6. Although the plaintiff's response is not numbered, the quote comes from the last two pages [Record No. 40].

ries would have been if the air bag had inflated.[7] In other words, it may be the case that the plaintiff's accident was so severe that even if the air bag had inflated the plaintiff would have incurred the same or worse injuries than she received without the air bag inflating; thus, no causation or damages would be present. Without any evidence on this issue, the jury would be left to mere conjecture and speculation as to whether the plaintiff's injuries were enhanced by the alleged defect in the air bag.[8] Thus, the plaintiff has failed to meet her burden on the elements of causation and damages.[9] Accordingly,

**IT IS ORDERED** that the defendant's motion for summary judgment [Record No. 39] be, and the same hereby is, **GRANTED.**

---

7. Along with the plaintiff failing to elicit testimony from her medical expert regarding the nondeployment of the air bag and her enhancement of injuries, the plaintiff did not even go into facts of the wreck with her doctor.

8. It is conceded by the plaintiff's expert that air bags are not able to protect the driver in all cases. In fact, GMC's expert emphasizes that the plaintiff's injuries could have been worse if the air bag had inflated. The bottom line is that the plaintiff has not showed that the air bag's failure to inflate caused her injuries.

9. The Court found it most significant that the only case the plaintiff cited in her response to GMC's motion for summary judgment was an unpublished opinion that clearly supports GMC's arguments.