**BROWN SPRINKLER CORPORATION,**
Appellant,

v.

**PLUMBERS SUPPLY CO. and Globe Fire Sprinkler Corp., Appellees.**

No. 2006–CA–001667–MR.

Court of Appeals of Kentucky.

Sept. 21, 2007.

Discretionary Review Denied by Supreme Court Oct. 15, 2008.

Charles F. Merz, Louisville, KY, for Appellant.

Ann Toni Kereiakes, Louisville, KY, for Appellee Plumbers Supply Co.

Stephen C. Hall, F. Ryan Keith, Louisville, KY, for Appellee Globe Fire Sprinkler Corp.

Before COMBS, Chief Judge; ACREE and TAYLOR, Judges.

## OPINION

COMBS, Chief Judge.

Brown Sprinkler Corporation appeals from an order of the Jefferson Circuit Court that granted summary judgment to the appellees, Plumbers Supply Company and Globe Fire Sprinkler Corporation. After our review of the relevant sections of Kentucky's version of the Uniform Commercial Code and the arguments of counsel, we affirm.

There are no genuine issues of material fact. Brown Sprinkler Corporation (Brown) designs and installs commercial-grade sprinkler systems. It purchases the sprinkler heads that it installs at job sites from retailers like Plumbers Supply Company (Plumbers Supply). Globe Fire Sprinklers, Inc., (Globe) manufactures fire suppressant sprinklers in a variety of designs and delivers them to retailers for distribution. Globe provides a one-year, limited warranty for its devices.

In July 1999, and again in September 2000, Brown purchased sprinklers manufactured by Globe from Plumbers Supply. The sprinklers were installed by Brown in a commercial distribution facility in Lexington, Kentucky. In December 1999, October 2000, and July 2001, Brown purchased more Globe sprinklers from Plumbers Supply. This second group of sprinklers was installed by Brown at a commercial project in Indianapolis, Indiana. Upon the shipment of each of the sprinkler purchases, Plumbers Supply provided an invoice to Brown. Included in the pre-printed portion of each invoice was language disclaiming any and all warranties implied by law.

In June 2001, Brown discovered that water from the sprinkler system had begun to leak from some of the sprinkler heads that it had installed at the Lexington project. Brown contacted Globe directly. A Globe representative asked Brown to remove 50 sprinkler heads and to ship them to the manufacturer for inspection. Instead of just 50 sprinkler heads, Brown removed and shipped to Globe 1,825 sprinkler heads-approximately ¼ of those originally installed. Globe ar-

ranged a credit to Brown's account at Plumbers Supply for the retail costs of 1,825 sprinkler heads.

In July 2003, Brown discovered that sprinkler heads installed at the Indianapolis site were accumulating a corrosion similar to that experienced at the Lexington job site. Brown once again contacted Globe, which directed Brown to remove some of the sprinkler heads and to ship them to Globe for inspection. However, Brown declined to accept Globe's offer to replace these sprinkler heads. Brown instead replaced all of the Globe sprinklers at the Indianapolis facility with devices manufactured by another company at a cost of approximately $195,000.00.

In September 2004, Brown filed a petition for declaration of rights against Globe and Plumbers Supply. Eventually, Brown sought to convert its petition to a complaint for damages. Brown's complaint included claims for fraud and breach of warranty under Kentucky's version of the Uniform Commercial Code (UCC). (Kentucky Revised Statutes (KRS) Chapter 355, *et. seq.*) Following a period of discovery, Globe and Plumbers Supply filed motions for summary judgment. In July 2006, the Jefferson Circuit Court granted the motions.

With respect to common law fraud claims asserted by Brown, the trial court concluded that there was absolutely no indication in the record that either Plumbers Supply or Globe had made false representations regarding the sprinkler heads. The trial court concluded that Plumbers Supply and Globe were also entitled to judgment as a matter of law with respect to Brown's breach of warranty claims. The court observed that Plumbers Supply had clearly and conspicuously disclaimed all warranties implied by law. As to Globe, it held that Brown also failed to state a claim since breach of warranty claims require privity of contract, and Brown could not demonstrate the existence of any contract between itself and Globe. Finally, the trial court concluded that Brown could not show the existence of an express warranty (much less its breach) between Brown and either Plumbers or Globe. This appeal followed.

In reviewing a summary judgment, our standard is to determine whether the trial court correctly concluded that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. *Lewis v. B & R Corporation,* 56 S.W.3d 432 (Ky.App. 2001). Because summary judgment involves the resolution of matters of law, an appellate court does not defer to the trial court's decision. We review the issues of law *de novo.*

■ On appeal, Brown argues first that the trial court erred by concluding that Plumbers Supply successfully disclaimed its obligations under provisions of the UCC regarding implied warranties of fitness and of merchantability. Brown contends that the court erred in concluding that Plumbers Supply's warranty exclusion was "readable," and thereby automatically "conspicuous" pursuant to the provisions of KRS 355.2–316.

KRS 355.2–316(2) provides in relevant part as follows:

> Subject to subsection (3), to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states, for example, that "There are no warranties

which extend beyond the description on the face hereof."

KRS 355.1–201(10) provides that a term or clause is "conspicuous" when it is written in such a manner that a reasonable person against whom it is to operate ought to have noticed it. Language contained in the body of a form is regarded as conspicuous "if it is in larger or other contrasting type or color." *Id.* Whether a term or clause is conspicuous is a question of law for the court to decide. *Id.*

The trial court did not err by concluding that Plumbers Supply's disclaimer of implied warranties met the requirements of the statute. The court cited the statutory definition of *conspicuous* and noted that the disclaimer was located on the front of its *customer* invoice in readable size print. Additionally, we note that the disclaimer language is printed in a type size that contrasts with the remaining printed information; that it is segregated from the rest of the invoice information; and that it plainly disclaims "all implied warranties including any implied warranty of merchantability or fitness for a particular use." The language of the disclaimer is clear and adequate, and its presence is readily noticeable. Plumbers Supply did not make any implied warranties as a matter of law. Consequently, the court's summary judgment cannot be reversed on this basis.

■ Brown acknowledges that privity of contract between the parties is prerequisite to a claim for breach of warranty. However, Brown contends that Globe, as the manufacturer of the sprinkler heads, waived the privity requirement by dealing directly with Brown's representative in offering to replace the defective sprinklers. In order to preserve its privity defenses, Brown contends that Globe should have either ignored Brown's complaints or referred Brown to Plumbers Supply.

■ The UCC's requirement for privity of contract between the parties in breach of warranty claims is not a defense that Globe could (or did) waive as a result of its efforts to accommodate Brown. Instead, with one exception not applicable here, a plaintiff-buyer asserting a claim based upon an implied warranty *must establish* that it enjoyed privity of contract with the defendant-seller against whom the implied warranty claim is asserted. *See Compex International Co., Limited v. Taylor,* 209 S.W.3d 462 (Ky.2006). Since Brown cannot show that it enjoyed such a relationship with Globe, the trial court did not err by concluding that Globe was entitled to judgment as a matter of law.

In the alternative, Brown argues that it can establish that a *de facto* privity of contract existed with Globe. For public policy reasons, Brown contends, the provisions of KRS 355.2–103 defining "seller" of goods ought to be broadly construed in order to expand the concept of privity of contract and to encompass within its reach Globe, a manufacturer of goods. Under the relevant provisions of Kentucky's commercial statutes, implied warranty protections are provided by a seller to its buyer. While some other jurisdictions have abolished the privity requirement in implied warranty actions, our legislature has not elected to do so. The General Assembly expressly adopted the privity requirement, and the statute clearly limits warranty protections to those engaged in a buyer-seller relationship. We cannot modify or expand the impact of the legislation regardless of whatever compelling arguments may be made as to public policy concerns. The court did not err by rejecting Brown's argument on this point.

Brown next argues that the express, one-year, limited warranty that Globe provided to Plumbers Supply was merely illusory and that its disclaimers were inef-

fective since they were contradicted by positive marketing representations. Again, we cannot judicially expand the theory of a warranty implied in law beyond the clear warranty provisions in Kentucky commercial code. Brown's criticism of Globe's warranties—both expressed and implied—is futile since a plaintiff-buyer may not recover under a breach of warranty claim *unless* there is privity of contract with the defendant.

■ As a final argument, and again in the alternative, Brown argues that the trial court erred in disagreeing with its contention that it formed a completely separate contract with Globe after it complained about the quality of the sprinkler heads. Brown claims that during this direct communication, Globe agreed (outside the terms of its express written warranty) to replace the many defective sprinkler heads and even to reimburse Brown for the costs of the extra work involved in removing and replacing the faulty sprinkler heads. Brown contends that Globe then breached that separate agreement between the parties.

There is no evidence in the record to support Brown's contention as to forbearance; that is, that it agreed not to assert its legal claims against Globe in exchange for Globe's promise to replace the defective sprinkler heads and to reimburse Brown for the cost of removing and replacing those sprinkler heads. The judgment of the trial court cannot be reversed on this basis.

The judgment of the Jefferson Circuit Court is affirmed.

ACREE, Judge, Concurs.

TAYLOR, Judge, Concurs in Result only.